JOHNSON, Acting Chief Judge.
This is an appeal from a judgment and sentence after a jury verdict of guilty of manslaughter.
The appellant raised objection at the trial level, and renewed it in her motion for new trial and properly brought it to us on appeal. Said objection being the failure of the trial court to give a clarifying instruction to the jury predicated on a direct *635 question from a juror as to certain facts, to wit: the question is, “if he fell on the knife in her hand when he pushed her backwards, what charge is this ?”
The trial court refused to answer this question for the juror. He did offer to reread the instruction he had already-given, but he would not answer this question. We think this was error. The trial court should as near as possible instruct the jury on all material facts and the law applicable thereto. If it is obvious that the instruction as given, leads to confusion or doubt, then upon this being brought to the trial court’s attention, as was done in the case sub judice, the court should answer the question of law. This could have been done without commenting upon the sufficiency or insufficiency of the particular evidence in question.
There was some evidence to the effect that the deceased fell onto the knife and thereby actually stabbed himself. This set of facts warranted the trial court clarifying the instruction for the particular juror and for that fact. Failure to answer the juror’s question by an appropriate instruction was so prejudicial as to warrant a new trial.
Reversed and remanded for a new trial.
BOYER, J., and STURGIS, WALLACE E., Jr., Associate Judge, concur.