BOYD, Tustice.
This cause is before us on a petition for writ of certiorari to review the decision of the District Court of Appeal, First District, reported at 309 So.2d 634. Our jurisdiction is based on conflict[1] between the decision sought to be reviewed and Dieci-due v. State.[2] The facts of the case are as follows.
Respondent-Cross Petitioner and her husband, Andrew Ratliff, were having an argument in their trailer when the latter, being somewhat intoxicated, left and walked over to his car. Respondent rushed out of the trailer, running into her husband who turned around, grabbed her with both his hands, knocked her down against the trailer (about ten feet away) with sufficient force to dent it, and fell over on top of her. When the husband got up, he stepped back from Respondent and asked why she had cut him, to which she replied “I didn’t cut you, you fell on the knife. . ” Two young men came around the trailer just as the husband was getting off of Respondent, and they were in time to prevent his collapse from a knife wound which punctured his heart. As the husband was taken to the hospital, one witness overheard Respondent say that “she didn’t give a damn,” but another witness heard Respondent say “I didn’t mean to do it” upon returning from the hospital. The husband died in the hospital as a result of the knife wound.
Respondent was indicted and tried for murder in the first degree. After jury deliberations began the following question was brought in from a juror:
“If [the husband] fell on the knife in [Respondent’s] hand when [the husband] pushed her backwards, what charge is this ?”
During the discussion of the court’s proposed answer, Respondent’s attorney requested as an additional instruction that “if a person is killed by an accident which is not caused by the culpable negligence of the defendant or the accused, then your verdict must be not guilty.” Petitioner’s attorney objected to this particular instruction, although he agreed both that the court might give the jury additional instructions if it requested them and that it was proper for the court to reread the entire homicide instructions. The court stated its position to be:
“I want them to know that they can ask for additional instructions, but I don’t feel that the court can properly answer a question which is a mere question of law and fact. The court is concerned with the facts only to see that they are properly presented to the jury, and the jury is concerned with the law only as the court instructs it on the law at the close of the case. . . .”
Whereupon the court answered the jury’s question with the following note, to which neither party objected:
“Members of the jury, a ruling has been made by me that the court cannot answer this question. You are instructed that you may request additional instructions or may request to have any testimony re-read or to have any instructions on the law re-read.”
After further extensive discussion between court and counsel, the jury returned to the court and was given the following instruction:
“Manslaughter is the killing of a human being by the act, procurement or culpable negligence of another. In cases where such killing shall not be justifiable or excusable homicide or murder. Negligence is the failure to use reasonable care. Reasonable care is that degree of care which a reasonably careful person would use under like circumstances. Negligence may consist either in doing something that a reasonably careful per *287 son would not do under like circumstances or in failing to do something that a reasonably careful person would do under like circumstances. Culpable negligence is the conscious doing of an act or following a course of conduct which any reasonable person would know would likely result in death or great bodily injury to some other person. When this is done without intent to injure any person, but with utter disregard for the safety of others.”
No objections or comments were made by the parties’ attorneys. The jury returned a verdict of guilty of manslaughter; thereafter, judgment and sentence were entered thereon.
On appeal to the District Court of Appeal, First District, that court reversed and remanded for a new trial on the ground that it was error for the trial court to refuse to answer the juror’s question. That court held “. . . The trial court should as near as possible instruct the jury on all material facts and the law applicable thereto. . . . ” This ruling conflicts with this Court’s holding in Diecidue, supra, that, as provided by both the statutes and the rules,[3] a criminal defendant is entitled to a fair trial by a jury which must consider the case upon the sworn testimony given from the witness stand and upon the instructions of the Judge only upon the law of the case.
Although there may be both logic and merit in the view expressed by the District Court, we do not find that to be the law of this State. In our view, the trial court was eminently correct, and for this reason the decision of the District Court of Appeal, First District, is quashed and this cause is remanded for reinstatement of the judgment and sentence of the trial court.
It is so ordered.
ROBERTS, OVERTON, ENGLAND and SUNDBERG, JJ., concur.
ADKINS, C. J., and HATCHETT, J., dissent.

. Article V, Section 3(b)(3), Florida Constitution.

. 131 So.2d 7 (Fla.1961).

.Section 918.10, Florida Statutes; Rule 3.390, R.Cr.P.