PER CURIAM.
This is an appeal by the defendant Charles Junior Bright from final judgments of conviction and sentences for armed kidnapping and possession of a firearm during the commission of a felony based on an adverse jury verdict; the jury by its verdict also acquitted the defendant on a murder charge. The defendant contends that the trial court committed reversible error in instructing the jury that the justifiable use of deadly force was a defense to the murder charge, but not a defense to the armed kidnapping charge. We agree and reverse.
Based on the evidence adduced below, the jury was entitled (although not compelled) to believe that the defendant disarmed the victim and thereafter held the victim hostage at gunpoint for a period of time in order to prevent the victim and his nearby coeonspirators from either killing or inflicting great bodily harm upon the defendant. (Eventually, the defendant killed the victim in a subsequent struggle over the victim’s gun during the aforesaid period of confinement; the defendant was acquitted of this murder.) Based on these circumstances, the trial court committed reversible error in instructing the jury, over objection, that the justifiable use of deadly force was not a defense to the armed kidnapping charge. Clearly, the defendant was entitled to use such force in self defense under Section 776.012, Florida Statutes (1987), given the above-stated version of the facts, and this threatened use and subsequent actual use of deadly force was a defense to both the armed kidnapping and murder charges. W. LaFave & A. Scott, Substantive Criminal Law § 5.7, at 650 (1986); Model Penal Code § 3.04(3) and explanatory note at 32, 61-62 (1985).
We agree with the state that the jury was entitled to reach a contrary conclusion based on this record, to wit: that the defendant, after disarming the victim, was no longer threatened by the victim or anyone else, and that the defendant’s continued use of threatened deadly force in imprisoning the victim was unjustified. It was the jury’s function, however, to decide on this record whether the facts justified the defendant’s use of such threatened deadly force, and it was reversible error for the trial court to remove, in effect, that decision from the jury. Mills v. State, 490 So.2d 204, 205 (Fla. 3d DCA), rev. denied, 494 So.2d 1153 (Fla.1986); J.Y. v. State, 332 So.2d 643 (Fla. 3d DCA 1976); Kilgore v. State, 271 So.2d 148, 152 (Fla. 2d DCA 1972).
This being so, it is plain that the defendant is entitled to a new trial on both the armed kidnapping charge and the firearm possession charge which included as one of its essential elements the above kidnapping. It should be noted, however, that upon retrial of this cause, the defendant cannot be convicted on both charges based on the rule stated in Carawan v. State, 515 So.2d 161 (Fla.1987), as applied by this court in Gonzalez v. State, 543 So.2d 386 (Fla. 3d DCA), rev. denied, 549 So.2d 1014 (Fla.1989) and by the First District in Payne v. State, 538 So.2d 1302 (Fla. 1st DCA), cause dismissed, 550 So.2d 1120 (Fla.1989).
The final judgments of conviction and sentences under review are reversed and the cause is remanded to the trial court for a new trial.
Reversed and remanded.