SCHWARTZ, Chief Judge.
The only real dispute at Perriman’s jury trial on a charge of possession of a firearm by a convicted felon was whether he himself had placed the handgun where it was found near the passenger seat of a vehicle he had occupied or it had been put there without his knowledge. The primary point[1] raised on this appeal from his ensuing conviction concerns the jury’s resolution of that very issue. During its deliberations the jury sent the judge a note which asked “[i]f a convicted felon is in a car [sic] a gun (without knowledge) is that against this law?” Perri-man now claims that reversible error occurred when the court declined simply (and correctly) to answer “no,” as defense counsel insisted,[2] and instead directed the jury to “refer to the [likewise entirely correct] jury instructions”[3] which had been submitted to it in writing. Although we might wish we could, we cannot agree.
The controlling rule, Fla.R.Crim.P. 3.410, provides only that “[a]fter the jurors have retired to consider their verdict, if they request additional instructions ... the court may give them ... additional instructions” [emphasis supplied]. Under this provision, which was amended specifically to change a previous mandatory requirement, see Fla.R.Crim.P. 3.410 committee note (1972), reprinted in 34 F.S.A. Rule 3.410, at 11 (West Supp.1998), the issue of whether and what supplemental instructions should be given to the jury lies entirely within the discretion of the trial court. Henry v. State, 359 So.2d 864, 866 (Fla.1978)(“the feasibility and scope of any reinstruction of the jury is ... diseretion[ary]”). The decided cases, in turn, establish that a rereading or reference to prior instructions on the subject matter, rather than an arguably more direct and helpful answer to a jury question, does not, at the least, constitute an abuse of that discretion.[4] *1153 State v. Ratliff, 329 So.2d 285, 286 (Fla.1976), quashing Ratliff v. State, 309 So.2d 634 (Fla. 1st DCA 1975)(where jury asked court “If (the husband) fell on the knife in (Respondent’s) hand when (the husband) pushed her backwards, what charge is this?”, trial court correctly answered by simply instructing on manslaughter; District Court’s reversal on this ground quashed); accord Whitfield v. State, 706 So.2d 1 (Fla.1997)(no abuse of discretion for judge to reread standard jury instructions in response to jury question); Walls v. State, 641 So.2d 381 (Fla.1994)(same), cert. denied, 513 U.S. 1130, 115 S.Ct. 943, 130 L.Ed.2d 887 (1995); Garcia v. State, 492 So.2d 360 (Fla.1986)(no abuse of discretion for judge to refer jury to instructions in response to jury question), cert. denied, 479 U.S. 1022, 107 S.Ct. 680, 93 L.Ed.2d 730 (1986); Kelley v. State, 486 So.2d 578 (Fla.1986)(trial judge need answer only questions of law raised by jurors), cert. denied, 479 U.S. 871, 107 S.Ct. 244, 93 L.Ed.2d 169 (1986); Engle v. State, 438 So.2d 803 (Fla.1983)(trial court’s reinstructing on murder in the first degree, second degree, and the law of principals was appropriate response to jury’s question of whether jury had to be convinced that the defendant killed the victim to justify a first degree murder conviction), cert. denied, 465 U.S. 1074, 104 S.Ct. 1430, 79 L.Ed.2d 753 (1984); Brown v. State, 611 So.2d 540 (Fla. 3d DCA 1992)(judge properly answered question concerning definition of “weapon” by reading information to the jury and sending them the jury instructions), review denied, 621 So.2d 1065 (Fla.1993). Here, the trial judge intuited that the jury could, and it presumably did, secure an answer to its question simply by “[reading] the instruction.” A new trial on this ground therefore cannot be justified.
Affirmed.

. The others have no merit and rate no discussion.

. The colloquy on this point was as follows:
Mr. Mastos: They have asked a very simple question. If you are in a car_
* $ 4 *
Mr. Mastos: Judge, it summarizes this case in a nutshell. If you are in a car and there is a gun and you have no knowledge of [sic] gun it is not against the law. The Court has to answer that question, no.
The Court: Let me see the question. Let me read it again. They just haven’t read the instruction. It is very simple.(emphasis added)

. In accordance with the standard jury instructions the written charge stated:
Before you can find the defendant guilty of Possession of a Firearm by a Convicted Felon, the State must prove the following two elements beyond a reasonable doubt:
1. Roderick Perriman had been convicted of three felonies.
2. After the conviction Roderick Perriman knowingly had in his care, custody, possession or control a firearm.
* * * * * *
If a person has exclusive possession of a thing, knowledge of its presence may be inferred or assumed.
If a person does not have exclusive possession of a thing, knowledge of its presence may not be inferred or assumed.

.The fact that the trial judge did not err by refusing to answer the question directly does not mean that it would have been wrong, or even that it would not have been preferable to do so. In this respect, we consider that the federal rule, which requires a trial judge to answer a jury question with "concrete accuracy,” Bollenbach v. United States, 326 U.S. 607, 613, 66 S.Ct. 402, 405, 90 L.Ed. 350, 354 (1946); see also United States v. Karlin, 852 F.2d 968 (7th Cir.1988), cert. denied, 489 U.S. 1021, 109 S.Ct. 1142, 103 L.Ed.2d 202 (1989); United States v. Zabic, 745 F.2d 464 (7th Cir.1984), has much to recommend it in terms of what we think is a trial judge's affirmative duty appropriately to assist the jury in rendering a just verdict. See Sutton v. State, 51 So.2d 725 (Fla.1951). (It must be pointed out, however, that these cases reflect the *1153 federal regime in which the trial judge, unlike a Florida one, has the right to comment on the evidence.)