GERBER, J.
A jury convicted the defendant of transmission of material harmful to a minor in violation of section 847.0138, Florida Statutes (2007). The defendant argues that the trial court abused its discretion in not instructing the jury that “transmission” means both sending and receiving an image or information. We find that the trial court did not abuse its discretion. Therefore, we affirm.
The fifteen-year-old victim testified that she sent two photos from a cellular phone via text message to the twenty-one year-old defendant. In one photo, the victim was topless. In the second photo, the victim and a friend were naked. The defendant then attempted to send three photos of himself via text message to the phone which the victim was using. The victim told the defendant via “instant messenger” that the text message did not come through. Therefore, the defendant sent his photos via e-mail to an e-mail address which the victim was using. According to the victim, she then was able to view the photos. Two photos showed the defendant and his wife engaged in sexual activity. The third photo showed the defendant’s penis. The victim did not remember the defendant telling her to go to a website to view the photos.
*273 The state then played a tape of a detective’s interview of the defendant. The defendant stated that he tried to text message his photos to the phone which the victim was using, but that did not work. Then the defendant tried to e-mail his photos to an e-mail address which the victim was using, but that did not work either. So the defendant directed the victim to a website to view his photos. The defendant admitted that he knew the victim was a minor.
The detective who conducted the interview testified that she obtained the photos from the defendant, who pulled them up on a police computer from his e-mail account. The detective did not recover the photos from the e-mail account or the computer which the victim was using.
The defendant testified at trial consistent with his interview. He added that he received e-mail system replies stating that his text message and his e-mail containing his photos were undeliverable.
The parties agreed to a jury instruction tracking section 847.0138. The statute provides that any person “who knew or believed that he or she was transmitting an image, information, or data that is harmful to minors, as defined in s. 847.001, to a specific individual known by the defendant to be a minor” commits a felony of the third degree. § 847.0138(2), Fla. Stat. (2007). The statute defines “transmit” as “to send to a specific individual known by the defendant to be a minor via electronic mail.” § 847.0138(l)(b), Fla. Stat. (2007).
The defendant also requested the following special instruction: “The posting of materials deemed harmful to minors on a website directed to the public is not ‘electronic mail’ and is not a transmission of an image, information, or material.” The special instruction was based on Simmons v. State, 944 So.2d 317 (Fla.2006), which holds that “[t]he posting of materials deemed harmful to minors on a website directed to the public. is not ‘electronic mail,’ and thus does not violate the statute.” Id. at 325 (citations omitted). The state and the court agreed to this instruction.
During closing argument, the defendant argued that “[i]f it didn’t go through, there’s no crime. If [the victim] viewed [the photos] on this website, there’s no crime.” In rebuttal, the state argued that “the evidence shows you the photographs were sent. And that is the evidence you need to return a conviction in this case. The evidence that the photos were transmitted.”
During jury deliberations, the jury posed the question: “[I]f it’s sent and not received is it transmission[?]” The defendant argued that the court should answer the question “no.” The state argued that the court should tell the jury to “read the jury instruction.” The court told the jury to “rely on the instructions as already given you.” The jury later found the defendant guilty as charged.
This appeal followed. According to the defendant, the clear implication from the jury’s question “[I]f it’s sent and not received is it transmission^]” is that the jury believed the victim did not receive his photos via electronic mail. The defendant argues that the jury essentially was asking the trial court if- “send,” which section 847.0138 does not define, means- that the images or information must be both sent and received.
To answer that hypothetically re-worded question, the defendant argues that the trial court should have informed the jury of the plain, and ordinary meaning of “send.” See Greenfield v. Daniels, 51 So.3d 421, 426 (Fla.2010) (‘“Where, as here, the legislature has.not defined the words used in a -[statute], the language *274 should be given its plain and ordinary meaning.’ ”) (citation omitted). The defendant further argues that, to ascertain the plain and ordinary meaning of “send,” it would have been “appropriate to refer to dictionary definitions.” Id. (citation omitted).
The defendant then refers to two dictionary definitions of “send”: (1) “To cause to be conveyed by an intermediary to a destination: send goods by plane.” The American Heritage Dictionary of the English Language 1642 (3d ed. 1992); and (2) “[T]o cause to be carried to a destination.” Merriam-Webster’s Collegiate Dictionary 701 (10th ed. 1998). According to the defendant, these definitions indicate that the term “send” includes both sending and receiving. Thus, the defendant argues that the trial court’s failure to define “send” as including both sending and receiving was an abuse of discretion.[1]
The state responds that, because the court’s instructions tracked the statute, the court did not abuse its discretion by informing the jury to rely on the instructions already given. The state further argues that the plain and ordinary meaning of “send” does not require the recipient’s participation. The state argues that to require the intended recipient to receive the harmful material would , contravene the statute’s purpose of preventing and punishing those who would send harmful material via electronic mail.
Our standard of review is for an abuse of discretion. See Perriman v. State, 731 So.2d 1243, 1246 (Fla.1999) (“The controlling rule of procedure, Florida Rule of Criminal Procedure 3.410, provides that the giving of additional instructions in response to a jury query is within the trial court’s discretion.”); Fla. R. Crim. P. Rule 3.410 (2007) (“After the jurors have retired to consider their verdict, if they request additional instructions ... the court may give them the additional instructions.”) (emphasis added).
We find that the trial court did not abuse its discretion in telling the jury to rely on the instructions given. We base our finding on three grounds. First, we disagree with the defendant’s argument that the clear implication from the jury’s question, “[I]f it’s sent and not received is it transmission[?],” is that the jury believed the victim did not receive the photos via electronic mail. The jury was not asked to make, and did not make, a factual finding regarding whether the victim received the defendant’s photos via electronic mail. Further, the victim’s testimony provided competent, substantial evidence upon which the jury could have found that she received the defendant’s photos via electronic mail. In short, while the defendant’s presumption may be true, we will not read jurors’ minds to resolve today’s issue given the conflicting evidence.
Second, we disagree with the defendant’s attempt to focus on only the term “send” rather than considering section 847.0138 as a whole. See State v. Mason, 979 So.2d 301, 303 (Fla. 5th DCA 2008) (“Legislative intent is gathered from consideration of the statute as a whole.”). The statute punishes any person “who knew or believed that he or she was transmitting an image, information, or data that is harmful to minors, as defined in s. 847.001, to a specific individual known by the defendant to be a minor.” § 847.0138(2), Fla. Stat. (2007) (emphasis added). The legislature’s use of “believed” focuses on the person’s intent that the *275 transmission be received, and not that the transmission was received. Applied here, the defendant believed he was transmitting his photos to a specific individual known by him to be a minor. The fact that the defendant believed he was doing so is the evil which the legislature seeks to correct through section 847.0138. See Longval v. State, 914 So.2d 1098, 1102 (Fla. 4th DCA 2005) (to discern legislative intent requires consideration of, among other things, “the evil to be corrected”). '
Third, even if we were to focus on only the term “send,” we do not necessarily agree with the two definitions of “send” which the defendant has asked us to apply to section 847.0138. The most recent Merriam-Webster online dictionary contains twenty-two different definitions of “send,” including the second definition which the defendant has asked us to apply here. See www.merriam-webster.com/dictionary/send (viewed Mar. 28, 2011). However, another definition of “send” from that dictionary is simply “transmit,” which, of course, is the very word which section 847.0138(l)(b) defines with the word “send.” Yet another applicable definition of “send” from that dictionary is “to dispatch by a means of communication.” Neither of these definitions would appear to require that the communication also be received.
In sum, we believe that if the legislature intended to punish a person for “transmitting an image, information, or data that is harmful to minors” only if the minor received the transmission, then the legislature would have said so in section 847.0138. The fact that the legislature did not say so tells us that the legislature’s intent is to punish those who believe they are transmitting harmful material via electronic mail to a minor, regardless of whether the minor receives the transmission. Thus, the trial court did not abuse its discretion by telling the jury, in response to the question, “[I]f it’s sent and not received is it transmission!;?],” to rely on the instructions given. Our supreme court’s reasoning in Perriman applies here:
An additional extemporaneous instruction would have run the risk of further confusing the jury: The judge ultimately told the jury to refer to the standard instructions, and these instructions, which present an accurate statement of the law, provided adequate guidance. ... [W]e cannot conclude on this record that no reasonable person would respond as the trial court did.
731 So.2d at 1247-48 (citing Huff v. State, 569 So.2d 1247, 1249 (Fla.1990) (“[Djiscretion is abused only where no reasonable man [or woman] would take the view adopted by the trial court.”)) (footnotes omitted).

Affirmed.

GROSS, C.J., and STEVENSON, J., concur.

. The defendant notes that the first district quoted the second definition when it rejected a defendant’s constitutional challenge to section 847.0138. Simmons v. State, 886 So.2d 399, 404 (Fla. 1st DCA 2004).