DAMOORGIAN, J.
Clarence Owens appeals his conviction and sentence for failure of a sex offender to register. We reverse.
By way of background, Owens is a sex offender and as such is required to report in person and update his address with the sheriffs office and the Department of Motor Vehicles (“DMV”) within forty-eight hours of any change in his permanent or temporary residence. § 943.0435(4)(a), Fla. Stat. (2008). In June of 2009, Owens changed his residence. Owens updated his address with the sheriff’s office and physically went to a DMV office within forty-eight hours of his move. However, Owens was unable to timely update his address with the DMV because he could not provide sufficient documentation of his new address. Based upon these facts, Owens was charged and tried for failure of a sex offender to renew his driver’s license or identification card in violation of section 943.0435(4)(a), Florida Statutes (2008).
At trial, the court instructed the jury to determine whether Owens “knowingly failed to report in person to a driver’s license office of the [DMV] within 48 hours after any change in his permanent or temporary residence.” During deliberations, the jury asked the court for. clarification regarding the meaning of “knowingly failed to report.” Over defense counsel’s objection, the trial court instructed the jury as follows:
[Djoes knowingly fail to report legally imply that you are not just physically present, but that you that you must complete proper documentation? The answer to that is yes.
Knowingly fail to report implies that you must be more than physically present, but that you must comply [by providing] proper documentation.
Owens argues that the court’s supplemental instruction was improper because it instructed the jury on an issue of fact. We agree and reverse.
The standard of review applied to instructions given by the trial court during jury deliberation is abuse of discretion. King v. State, 59 So.3d 272, 274 (Fla. 4th DCA 2011) (citing Perriman v. State, 731 So.2d 1243, 1246 (Fla.1999) (“ ‘the giving of additional instructions in response to a jury query is within the trial court’s discretion’”)). While a trial court may provide supplemental jury instructions, absent a stipulation by the parties, it should not charge a jury with respect to a matter of fact. See Wright v. State, 586 So.2d 1024, 1030-31 (Fla.1991) (holding that it is *690 error for the court to instruct the jury on an issue of fact).
It is well established that a defendant’s knowledge is an issue of fact for the jury to determine based on the evidence. See, e.g., Jordan v. State, 548 So.2d 737, 739 (Fla. 4th DCA 1989) (whether defendant had knowledge that illegal drugs were in his car was question of fact for the jury). Further, whether a defendant acted “knowingly” is an essential element of the offense of failure to register by a sex offender. State v. Giorgetti, 868 So.2d 512, 520 (Fla.2004) (holding that in order to convict a defendant of failure of a sex offender to register, the state must prove that the defendant had “ ‘actual knowledge of the duty to register or proof of the probability of such knowledge’”). Here, the court essentially instructed the jury that by failing to successfully register with the DMV, Owens “knowingly” failed to comply with section 943.0435(4)(a). This invaded the fact-finding province of the jury and constitutes reversible error Wright, 586 So.2d at 1030-31; Bright v. State, 555 So.2d 1284 (Fla. 3d DCA 1990) (holding that it was reversible error for trial court to instruct jury on an issue of fact as a matter of law).
Based on the foregoing reasons, we reverse and remand for a new trial.

Reversed and Remanded.

WARNER and POLEN, JJ., concur.