696 So.2d 339 (1997)
STATE of Florida, Petitioner,
v.
Carlos Omar MEJIA, Respondent.
No. 88568.
Supreme Court of Florida.
June 26, 1997.
Robert A. Butterworth, Attorney General; James W. Rogers, Tallahassee Bureau Chief, Criminal Appeals, and Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Petitioner.
Nancy A. Daniels, Public Defender and P. Douglas Brinkmeyer, Assistant Public Defender, Chief, Appellate Intake Division, Second Judicial Circuit, Tallahassee, for Respondent.
*340 PER CURIAM.
We granted review of Mejia v. State, 675 So.2d 996 (Fla. 1st DCA 1996), because of conflict with the opinion in Gibson v. State, 661 So.2d 288 (Fla.1995). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
In Mejia, the First District Court of Appeal examined whether the trial court committed error in failing to ensure that Mejia executed a knowing and voluntary waiver of his right to be present at bench conferences where peremptory challenges were exercised. The district court stated that although it was unclear whether Coney v. State, 653 So.2d 1009 (Fla.1995), applied to the case or not, it would assume for purposes of its opinion that Coney did apply. Mejia, 675 So.2d at 999.
In Coney, this Court held that a defendant has the right to be physically present at the immediate site where pretrial juror challenges are exercised, but that the right can be waived if the court certifies "through proper inquiry that the waiver is knowing, intelligent, and voluntary." Coney, 653 So.2d at 1013. Although the Mejia court ultimately held that any error was harmless, and therefore Mejia was not entitled to relief, it concluded that a violation of Coney constituted fundamental error which may be raised for the first time on appeal. Mejia, 675 So.2d at 999, 1001. The State argues that this conflicts with this Court's opinion in Gibson, where this Court held that a Coney issue was not preserved by objection at trial. See Gibson, 661 So.2d at 291.
We find it unnecessary to reach the issue of whether there is conflict with this Court because we find that Coney did not apply to the decision in Mejia. Jury selection in Mejia commenced on January 23, 1995, but Coney did not become final until April 27, 1995. When we state that a ruling is prospective only, the ruling does not take effect until the time for rehearing has run or rehearing, if requested, has been denied. See, e.g., Allen v. State, 662 So.2d 323, 329 (Fla. 1995), cert. denied, ___ U.S. ___, 116 S.Ct. 1326, 134 L.Ed.2d 477 (1996). Where, as here, the jury selection process took place before Coney was final, Coney does not apply. See also Henderson v. State, No. 89,178, 693 So.2d 32 (Fla. June 26, 1997).
We approve the decision of the district court, although not the rationale. We remand for proceedings consistent with this opinion.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.