699 So.2d 1010 (1997)
Cruz MARTA-RODRIGUEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 85326.
Supreme Court of Florida.
October 2, 1997.
*1011 James Marion Moorman, Public Defender and Robert F. Moeller, Assistant Public Defender, Tenth Judicial Circuit, Bartow, for appellant.
Robert A. Butterworth, Attorney General and Candance M. Sabella, Assistant Attorney General, Tampa, for appellee.
PER CURIAM.
We have on appeal the judgment and sentence of the trial court imposing the death penalty upon Cruz Marta-Rodriguez. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
Marta-Rodriguez, a drug dealer, had been robbed of a large amount of marijuana. Owing his supplier, he and codefendants Luis Pecina, Alice Knestaut, Serafin Licor, Christopher Nicholson, and Carl King planned to rob another drug dealer, Rodrigo Miguel, to pay Marta-Rodriguez's supplier. The plan was to get Miguel to bring a hundred pounds of marijuana to Knestaut's residence, for Nicholson to dye his hair and pretend to be a drug dealer from New York, and to have other codefendants come in with guns, tie everyone up, and take the marijuana.
On the afternoon prior to the murder, Miguel went to Knestaut's residence with a thirteen-pound sample of marijuana, but when he returned later that night as planned, he did not have the additional marijuana and was accompanied by Alfredo Garcia. Recognizing that the plan to rob Miguel had gone awry, Marta-Rodriguez, armed with a firearm and with the assistance of several codefendants, ordered Miguel and Garcia to the floor, bound their hands and feet with duct tape, covered their heads with pillow cases, struck them, and threatened to kill them if they did not produce the marijuana. Marta-Rodriguez had Miguel and Garcia loaded into their carone in the trunk and one on the back floorboardand drove to a secluded area fifteen to twenty minutes away. Knestaut rode with Marta-Rodriguez, who remained armed with a firearm. Codefendants Nicholson and Licor followed in Knestaut's car. Once they reached a secluded spot, Miguel and Garcia were unloaded and both victims were shot in the head at close range, resulting in instant death. Garcia was also shot in the chest.
A jury found Marta-Rodriguez guilty of two counts of first-degree murder, armed kidnapping, and attempted robbery with a firearm and recommended consecutive life sentences on both murder counts.[1] The *1012 court overrode the jury's recommendation and sentenced Marta-Rodriguez to death on both murder counts, finding four aggravating circumstances[2] and no mitigating circumstances. Marta-Rodriguez raises four issues in this appeal.[3]
Marta-Rodriguez first argues that the trial court violated the rule in Coney v. State, 653 So.2d 1009 (Fla.), cert. denied, ___ U.S. ___, 116 S.Ct. 315, 133 L.Ed.2d 218 (1995),[4] by not having Marta-Rodriguez present at the bench conference during which juror challenges were exercised. We disagree. Coney does not apply in the instant case. In State v. Mejia, 696 So.2d 339 (Fla. 1997), this Court explained that Coney's prospective ruling does not apply where the jury selection process took place before April 27, 1995, the date rehearing was denied:
When we state that a ruling is prospective only, the ruling does not take effect until the time for rehearing has run or rehearing, if requested, has been denied. See, e.g., Allen v. State, 662 So.2d 323, 329 (Fla.1995), cert. denied, ___ U.S. ___, 116 S.Ct. 1326, 134 L.Ed.2d 477 (1996). Where, as here, the jury selection process took place before Coney was final, Coney does not apply. See also, Henderson v. State, No. 89,178, 693 So.2d 32 (Fla. June 26 [Apr. 16], 1997).
Id. at 339. As in Mejia, the jury selection process in the instant case took place in January 1995, before Coney was final. Thus, we find no error.
Marta-Rodriguez next claims that the court erred by sentencing him to consecutive mandatory minimum terms for using a firearm in the commission of the noncapital felonies. He argues that stacking the three-year mandatory minimum terms is impermissible because all charges stemmed from a single episode. We disagree. In State v. Christian, 692 So.2d 889 (Fla.1997), this Court explained when stacking is permissible:
As a general rule, for offenses arising from a single episode, stacking is permissible where the violations of the mandatory minimum statutes cause injury to multiple victims, or multiple injuries to one victim. The injuries bifurcate the crimes for stacking purposes. The stacking of firearm minimum mandatory terms thus is permissible where the defendant shoots at multiple victims, and impermissible where the defendant does not fire the weapon.
Id. at 890-91 (footnotes omitted)(emphasis added). In the instant case, Marta-Rodriguez shot at multiple victims; thus, we find no error.
Next, Marta-Rodriguez claims that the trial judge erred in overriding the jury's recommendation of life imprisonment. We agree. The principle announced in Tedder v. State, 322 So.2d 908 (Fla.1975), applies here:
In order to sustain a sentence of death following a jury recommendation of life, the facts suggesting a sentence of death should be so clear and convincing that virtually no reasonable person could differ.
Id. at 910. We have consistently interpreted the Tedder standard to mean that
when there is a reasonable basis in the record to support a jury's recommendation of life, an override is improper. When there are valid mitigating factors discernible *1013 from the record upon which the jury could have based its recommendation an override may not be warranted.
Boyett v. State, 688 So.2d 308 (Fla.1996)(quoting Ferry v. State, 507 So.2d 1373, 1376 (Fla.1987)).
In her sentencing order the trial judge wrote that "the jury heard no testimony about what happened just prior to the shooting, or who actually did the shooting." She found that

[t]he evidence, though not establishing a reasonable doubt as to guilt, leaves an uncertainty about whether the Defendant was the actual shooter. The jury did not have the benefit of testimony from anyone who was at the scene and may have had lingering doubt about whether the Defendant was the actual shooter. This Court has no such doubt based upon testimony and cross examination of a codefendant,[[5]] to which the jury was not privy due to severance of the six defendants for trial and the only testifying codefendant, Luis Pecina, not being present at the scene of the murder.
(Emphasis added.) As the trial judge concedes in her order, based on the evidence presented, the jury could have believed that Marta-Rodriguez was not the shooter and still convicted him of first-degree murder on each count. On this record, we find that the facts, including Nicholson's testimony, are not so clear and convincing that no reasonable person could differ that death is the appropriate penalty.
We also find that there is mitigating evidence in the record upon which the jury reasonably could have relied in recommending life. This evidence includes testimony that Marta-Rodriguez was intoxicated on the day of the homicides; that he was a chronic user of marijuana and alcohol; that his codefendant Alice Knestaut initiated and instigated the plan; that the crimes were out of character for him; that he was a family man; that he cooperated with police at the time of arrest; and that if consecutive life sentences were imposed, Marta-Rodriguez would not be eligible for parole for fifty years. We find that the jury reasonably could have viewed this evidence as a valid basis for recommending two life sentences as opposed to death.
For the foregoing reasons, we find that the Tedder standard is not met; thus we reverse the override. Accordingly, we affirm Marta-Rodriguez's convictions and non-capital felony sentences, vacate his death sentences, and remand for imposition of two consecutive sentences of life imprisonment, each without the possibility of parole for twenty-five years.[6]
It is so ordered.
OVERTON, SHAW, HARDING and ANSTEAD, JJ., concur.
WELLS, J., concurs in part and dissents in part with an opinion, in which GRIMES, J., concurs.
WELLS, Judge, concurring in part and dissenting in part.
I concur with the majority in all of the decisions except the reversal of the death sentence. The trial court's well-reasoned sentencing order demonstrates the death penalty is warranted. I conclude that the Tedder standard for a jury override is met in this case. Tedder v. State, 322 So.2d 908 (Fla.1975). I would affirm the death sentence.
GRIMES, J., concurs.
NOTES
[1] The court departed upward from the sentencing guidelines for the noncapital felonies due to the contemporaneous convictions of the capital felonies. On both kidnapping counts, the court sentenced Marta-Rodriguez to life imprisonment with a three-year minimum mandatory (for the use of a firearm) on each count. On both attempted robbery with a firearm counts, the court sentenced Marta-Rodriguez to fifteen years' imprisonment with a three-year minimum mandatory on each count. The sentences were to run consecutively.
[2] Aggravating circumstances: (1) Marta-Rodriguez was previously convicted of another capital felony or a felony involving the use or threat of violence to the person; (2) the capital felony was committed while Marta-Rodriguez was engaged in the commission of, or attempt to commit, robbery and kidnapping; (3) the capital felony was committed for the purpose of avoiding or preventing a lawful arrest; and (4) the capital felony was a homicide and was committed in a cold, calculated, and premeditated manner without any pretense of moral or legal justification.
[3] (1) Whether the trial court erred by failing to ensure that Marta-Rodriguez was present when juror challenges were exercised; (2) whether the trial court erred in finding the avoid arrest and cold, calculated, and premeditated aggravators; (3) whether the trial court erred in overriding the jury's recommended life sentences; and (4) whether the trial court erred in sentencing Marta-Rodriguez to consecutive mandatory minimum terms for using a firearm in the commission of the noncapital felonies.
[4] A defendant has the right to be physically present at the immediate site where pretrial juror challenges are exercised, but that the right can be waived if the court certifies through proper inquiry that the waiver is knowing, intelligent, and voluntary. Coney, 653 So.2d at 1013.
[5] The trial court's order states:

The court heard testimony subject to cross-examination from codefendant Nicholson that Defendant Rodriguez pulled both victims from the car, that both victims were crying and speaking in Spanish, that Defendant Rodriguez shot Garcia, that Defendant Rodriguez threw Miguel on top of Garcia so that he could see he was dead, and that Defendant Rodriguez shot Miguel in the head.
[6] In light of our decision to vacate Marta-Rodriguez's death sentences, we do not address his other penalty phase issue. See supra note 3 (issue number 2).