775 So.2d 425 (2001)
Darryle T. COOK, Appellant,
v.
STATE of Florida, Appellee.
No. 5D97-2923.
District Court of Appeal of Florida, Fifth District.
January 12, 2001.
*426 James B. Gibson, Public Defender, and Lyle Hitchens, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.
PETERSON, J.
Darryle T. Cook appeals the imposition of consecutive three-year minimum mandatory sentences for two counts of robbery with a firearm and mask under section 812.13(2)(a), Florida Statutes (1996). The sentences were imposed for Cook's participation in a robbery of a restaurant. During the robbery, Mary Mullins was shot in the back and robbed, Patricia Crew was robbed, and the restaurant employing them was robbed.
We find that the sentences imposed for the two counts, Counts V and VI of the information, were erroneously stacked. Section 775.087(2), Florida Statutes (1996), authorizes imposition of a three-year mandatory minimum term for use of a firearm during the commission of certain crimes including robbery. As a general rule, stacking is permissible for offenses arising from a single episode where the violations of the mandatory minimum statutes cause injury to multiple victims or multiple injuries to one victim because the injuries bifurcate the crimes for stacking purposes. See State v. Christian, 692 So.2d 889, 890-91 (Fla.1997) (citations omitted). Thus, the stacking of firearm mandatory minimum terms is permissible where the defendant shoots at multiple victims. See id. (citing State v. Thomas, 487 So.2d 1043 (Fla.1986)); Marta-Rodriguez v. State, 699 So.2d 1010, 1012 (Fla. 1997) (stacking permissible where defendant shot and killed two victims during the same episode). However, stacking is impermissible where the defendant does not fire the weapon. See id. (citing State v. Ames, 467 So.2d 994 (Fla.1985); Palmer v. State, 438 So.2d 1 (Fla.1983)); see also McGouirk v. State, 493 So.2d 1016 (Fla. *427 1986) (disapproving the stacking of one ten-year explosive device mandatory minimum term with one three-year destructive device mandatory minimum term where defendant's sole act was to place bomb under family's trailer, injuring one person).
The State argues that although Cook's conviction on Counts V and VI arose out of the same armed robbery at the restaurant, imposition of consecutive minimum mandatory sentences was proper because the convictions involved separate victims. The record reveals that there were indeed three victims of the armed robbery: Mullins, Crews, and the restaurant. Both Mullins and Crews were threatened at gunpoint; however, the gun was only fired once and the bullet only struck Mullins. Under the reasoning in Ames and McGouirk, Cook's minimum mandatory sentences could not be stacked because the gun was only fired once. Although Crews was assaulted and threatened, she was not physically injured and arguably not a victim for purposes of stacking the minimum mandatory sentences. Therefore, imposition of minimum mandatory sentences under these circumstances was erroneous.
In urging this Court to affirm Cook's sentence, the State argues that any error was harmless because Cook did not show how he would be adversely affected by the imposition of consecutive minimum mandatories. The imposition of consecutive minimum mandatories affects and can restrict the accrual of gain time under the sentencing guidelines. See State v. Suarez, 485 So.2d 1283, 1283 (Fla.1986). Hence, the adverse effect is patent and can be corrected on direct appeal. See Maddox v. State, 760 So.2d 89, 99 (Fla.2000).
We affirm the convictions and sentences imposed for Cook's participation in the multiple robberies with the exception that we vacate that portion of the sentencing order that requires Cook to serve consecutive sentences for Counts V and VI. He shall serve those sentences concurrently.
AFFIRMED IN PART; VACATED IN PART.
GRIFFIN and ORFINGER, R.B., JJ., concur.