812 So.2d 495 (2002)
STATE of Florida, Appellant,
v.
Ernest Lee PARKER, Appellee.
No. 4D01-1668.
District Court of Appeal of Florida, Fourth District.
March 13, 2002.
Rehearing Denied April 19, 2002.
*496 Robert A. Butterworth, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellant.
Jack A. Fleischman of Fleischman & Fleischman, P.A., West Palm Beach, for appellee.
HAZOURI, J.
Following a jury trial, Ernest Parker (Parker) was convicted of attempted second degree murder with a firearm, domestic battery and three counts of aggravated assault with a firearm. The State appeals the sentence imposed on the attempted second degree murder with a firearm and the three aggravated assault with a firearm convictions. Parker cross-appeals his convictions. We affirm the convictions, but remand for resentencing on the attempted second degree murder with a firearm and the three aggravated assault with a firearm convictions.
On May 7, 2000, Parker and his girlfriend, Rebecca Sharpe, were staying at a Days Inn hotel.
Sharpe and Parker went to the hotel bar and Parker allegedly became angry. Sharpe asked Debra Horner, Eric Whitehead and Scott Likowski, who were also at the bar to accompany her to her room so that she could pick something up. After arriving at Sharpe's room, Parker walked in, pulled out two guns, pointed it at them and threatened them. Parker ordered Debra Horner, Eric Whitehead and Scott Likowski out of the room. They left, leaving Sharpe and Parker alone in the room. According to Sharpe, Parker began hitting her several times, knocking her off her feet. After pleading with Parker to stop hitting her, Sharpe went into the bathroom. While she sat on the toilet, Parker pointed a gun at her and shot her in the stomach.
Parker was found guilty and convicted of the attempted second degree murder with a firearm of Sharpe, three counts of aggravated assault with a firearm of Scott Likowski, Debra Horner and Eric Whitehead and of the domestic battery of Sharpe. The State filed a notice of its intent to seek a sentence pursuant to section 775.087, Florida Statutes (1999), for use of a firearm during the commission of a qualifying felony.
At the sentencing hearing, the State requested the mandatory minimum sentence of 25 years for the attempted murder with a firearm offense. The State requested a three-year minimum mandatory sentence on each count of aggravated assault with a firearm. The State argued that, pursuant to section 775.087(2)(d), Florida Statutes (1999), the trial court was required to impose *497 consecutive sentences, so that the sentences on each aggravated assault count ran consecutive to each other and to the 25-year sentence. The State requested a total of 34 years in prison on those charges. The State requested time served on the domestic battery offense.
The trial judge stated that his understanding was that he could not impose consecutive terms for possession of the same firearm, even though the firearm was used in the commission of different felonies. The trial court sentenced Parker to the minimum mandatory term of 25 years in prison on the attempted murder with a firearm offense, pursuant to section 775.087, Florida Statutes (1999), followed by 15 years probation, and to five years in prison on the three aggravated assault with a firearm offenses, to run concurrent to each other and to the 25 year sentence. The trial court sentenced Parker to time served on the domestic battery offense.
The State argues that the trial court erred when it failed to sentence Parker to the minimum mandatory term of three years in prison on each of the three counts of aggravated assault with a firearm, pursuant to section 775.087, Florida Statutes (1999). We agree. A trial court is required to impose a minimum three-year mandatory sentence for use of a firearm where the defendant is convicted of aggravated assault with a firearm. See §§ 775.087(2)(a)1., 775.087(2)(d), Fla. Stat. (1999); Bass v. State, 739 So.2d 1243, 1246 (Fla. 5th DCA 1999).
The State also argues that the trial court erred when it determined that it could not impose consecutive sentences on the attempted murder with a firearm offense and on each of the three counts of aggravated assault with a firearm. The State contends that the trial court was not precluded from imposing consecutive sentences, because there were four separate offenses and four separate victims. The State relies upon the decisions in State v. Christian, 692 So.2d 889 (Fla.1997) and State v. Thomas, 487 So.2d 1043 (Fla. 1986).
In Thomas, Thomas shot a woman four times in her trailer, followed her into the yard and shot her again. 487 So.2d at 1044. Before shooting her two more times, Thomas fired a shot at her son, who was trying to help her, but missed. Id. Thomas was convicted of attempted first-degree murder of the woman and of aggravated assault of her son. Id. The trial court ordered consecutive three-year mandatory minimum sentences for each offense for possession of a firearm, pursuant to section 775.087(2), Florida Statutes (1979). Id. Thomas appealed, arguing the three-year mandatory minimum sentences for firearm possession while committing a felony could not be imposed consecutively for offenses arising from a single criminal episode. Id. The supreme court determined that the offenses did not arise from a single criminal episode but rather two separate and distinct offenses involving two separate and distinct victims. The supreme court concluded that the legislature intended that the trial courts have discretion to impose consecutive or concurrent mandatory minimum terms of imprisonment under the circumstances. Id.
The supreme court applied the same reasoning in Christian. Christian was convicted of second-degree murder with a firearm, aggravated battery with a firearm and discharging a firearm in an occupied building. 692 So.2d at 890. He was sentenced to concurrent twenty-five, fifteen and fifteen-year terms of imprisonment, respectively, with the three-year minimum mandatory terms on the first two firearm offenses running consecutively. Id. The district court reversed the consecutive minimum mandatory terms, finding that *498 consecutive sentences were barred "`absent proof of separate offenses against separate victims, committed at separate times and places.'" Id. (citing Christian v. State, 693 So.2d 990, 993 (Fla. 1st DCA 1996)). The supreme court quashed the decision and explained:
As a general rule, for offenses arising from a single episode, stacking is permissible where the violations of the mandatory minimum statutes cause injury to multiple victims, or multiple injuries to one victim. The injuries bifurcate the crimes for stacking purposes. The stacking of firearm mandatory minimum terms thus is permissible where the defendant shoots at multiple victims, and impermissible where the defendant does not fire the weapon.
Id. at 890-91 (footnotes omitted) (emphasis added). The court determined that since Christian shot two people, stacking was permissible. Id. at 891.
Since the Christian opinion, section 775.087(2) has been amended to include subsection (2)(d). See § 775.087(2)(d), Fla. Stat. (1999). However, the fifth district's reliance on Christian in Cook v. State, 775 So.2d 425 (Fla. 5th DCA 2001), indicates that the amendment has not altered the general rule set forth in Christian.
In Cook, Cook was convicted of participating in a robbery of a restaurant during which one woman was shot and robbed, a second woman was robbed and the restaurant was robbed. 775 So.2d at 426. Cook was sentenced to consecutive three-year minimum mandatory terms of imprisonment for two counts of robbery with a firearm. Id. The state argued that although Cook's conviction on two counts of robbery with a firearm arose out of the same robbery, imposition of consecutive minimum mandatory sentences was proper because the convictions involved separate victims. Id. at 427. The fifth district disagreed, reasoning that although two victims were threatened at gunpoint, the gun was fired only once and the bullet struck only one victim. Id. The court concluded that the minimum mandatory sentences could not be stacked because the gun was fired only once. Id.
This case is distinguishable from Thomas and Christian but similar to Cook. In this case, Parker entered the room and pointed the two guns at Sharpe, Debra Horner, Eric Whitehead and Scott Likowski. He then ordered Debra Horner, Eric Whitehead and Scott Likowski out of the room, battered Sharpe and shot Sharpe. Parker was convicted of attempted second degree murder with a firearm of Sharpe and three counts of aggravated assault with a firearm of Horner, Whitehead and Likowski, respectively.
As in Cook, in this case the State argues that although Parker's convictions arose out of the same criminal episode, imposition of consecutive minimum mandatory sentences is proper because the convictions involved four separate victims. As in Cook, the State's argument lacks merit. This case is distinguishable from cases such as Thomas and Christian, where the defendant fired the gun at more than one victim thereby bifurcating the crimes for stacking purposes. Although Parker pointed the guns at four victims, Parker fired the gun only once and shot only Sharpe. Thus, as in Cook and as the trial court found, Parker cannot be sentenced to consecutive minimum mandatory terms of imprisonment.
As the supreme court explained in Christian, the stacking of minimum mandatory terms of imprisonment is impermissible where the offenses arise from a single criminal episode and the defendant does not fire the weapon at more than one person, as is the case here. See Christian, 692 So.2d at 890-91. Thus, the trial court *499 did not err when it determined that it could not impose consecutive minimum mandatory sentences.
We find no merit to the issues raised on cross-appeal and affirm the convictions. We remand for resentencing on the three aggravated assault with a firearm convictions, consistent with this opinion.
POLEN, C.J., and MAY, J., concur.