IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

RUFUS MARCEL ABRAMS,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-3291

Opinion filed July 11, 2017.

An appeal from the Circuit Court for Escambia County.
Michael G. Allen, Judge.

Ross A. Keene of Ross Keene Law, P.A., Pensacola, for Appellant.

Pamela Jo Bondi, Attorney General, and Giselle D. Lylen, Assistant Attorney
General, Tallahassee, for Appellee.

**ON REMAND FROM THE FLORIDA SUPREME COURT**

PER CURIAM.

We previously affirmed Appellant's sentence based on our *en banc* decision

in Walton v. State, 106 So. 3d 522 (Fla. 1st DCA 2013) (Walton I), which held that

mandatory minimums under the 10-20-Life statute must be imposed consecutively

regardless of whether the defendant possessed or discharged a firearm. However, the Florida Supreme Court quashed our decision in this case and remanded for reconsideration in light of its decisions in <u>Walton v. State</u>, 208 So. 3d 60 (Fla. 2016) (<u>Walton II</u>), and <u>Williams v. State</u>, 186 So. 3d 989 (Fla. 2016). <u>See</u> <u>Abrams v. State</u>, 42 Fla. L. Weekly S680 (Fla. May 26, 2017).

In <u>Williams</u>, the Court held that "consecutive sentencing of mandatory minimum imprisonment terms for multiple firearm offenses is impermissible if the offenses arose from the same criminal episode and a firearm was merely possessed but not discharged." 186 So. 3d at 993; <u>accord</u> <u>Walton II</u>, 208 So. 3d at 64. But, the Court also held that "[i]f . . . multiple firearm offenses are committed contemporaneously, during which time multiple victims are shot at, then consecutive sentencing is permissible but not mandatory." <u>Williams</u>, 186 So. 3d at 993.

Here, the jury found Appellant guilty of discharging a firearm in each of the charged offenses. The offenses occurred in the same episode and involved multiple victims. Thus, the trial court had discretion to impose concurrent or consecutive mandatory minimum sentences in this case.

At sentencing, the trial court stated that it was bound by this court's decision in <u>Walton I</u> to impose consecutive mandatory minimum sentences. However, the court also stated that it would not have imposed consecutive mandatory minimums

2

if it was not compelled to do so.  Accordingly, because it is clear the trial court would not have imposed the same sentence if it was not bound by <u>Walton I</u>, we reverse Appellant's sentence and remand for resentencing in accordance with <u>Williams</u> and <u>Walton II</u>.

We affirm the remaining issues on appeal.

AFFIRMED in part; REVERSED in part; REMANDED for resentencing.

B.L. THOMAS, C.J., WETHERELL, and RAY, JJ., CONCUR.