# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-373

_____

RASHAWN RENARD JACKSON,

   Appellant,

   v.

STATE OF FLORIDA,

   Appellee.

_____

On appeal from the Circuit Court for Duval County.
Mark Borello, Judge.

May 2, 2019

JAY, J.

In this direct appeal from Appellant's convictions and sentences for first-degree murder, armed burglary, and attempted armed robbery, we affirm in all respects, but write to address two of Appellant's claims: (1) that the trial court abused its discretion by rereading a portion of the jury instructions in response to a jury question; and (2) that the trial court erred in imposing consecutive mandatory minimum sentences under section 775.087(2), Florida Statutes, also known as the 10-20-Life statute. For the reasons that follow, we find both claims to be without merit.

I

Appellant was indicted for first-degree murder with a firearm, armed burglary, and two counts of attempted armed robbery. The

evidence at trial established that the charges arose from a single criminal episode involving three different victims. Specifically, Appellant and an unidentified codefendant forced their way into a trailer and attempted to rob two of the occupants at gunpoint. During the incident, a neighbor tried to intervene and was shot repeatedly and killed. No one else was shot, but one of the occupants was beaten during the robbery attempt.

During its deliberations, the jury submitted the following question: "Does the verdict count number just pertain to the individual stated on each charge? Example: if he fired a gun but not at the person listed on the count number, does it still affect other verdict counts?" The State requested that the court respond to the question by rereading two paragraphs from the jury instructions relating to the 10-20-Life statute, which stated that the jury had to determine whether Appellant discharged a firearm causing death or great bodily harm to "any person" during the commission of the offenses. Defense counsel countered that the court should simply tell the jurors to rely upon their memories and the instructions they had been provided, expressing the concern that reading a particular paragraph might lead the jury to place undue emphasis on that portion of the instructions.

After the parties concluded their arguments, the court made the following ruling:

> I'm always troubled by the concept that we ask the jurors a lot—we ask a lot of them and I think we have an obligation to try to make their job as easy as we possibly can and if they ask us a specific question I think, unless answering the question would provide a specific prejudice to one side or the other, I think it's incumbent on us to try to answer that question if we can, to the best of our abilities. This question simpl[y] calls for a restating of a particular portion. I don't think it causes an undue emphasis on that portion. It simply answers the question that they're asking. So over the defense's objection I am going to answer the question in that fashion.

The court then brought the jury back in and answered the question as follows:

Remember, I don't want you to pay particular emphasis on any one instruction. You need to pay attention to all of the instructions that I gave which you have with you, but two particular paragraphs I think may answer these particular questions.

If you find Rashawn Jackson committed attempted robbery, and also find beyond a reasonable doubt that during the commission of the crime he discharged a firearm and in doing so death or great bodily harm was inflicted upon any person, you should find the defendant guilty of attempted robbery with discharge of a firearm causing death.

And the other section is, if you find that Rashawn Jackson committed burglary and you also find beyond a reasonable doubt that during the commission of the crime he discharged a firearm, and in doing so that death or great bodily harm was inflicted upon any person, you should find the defendant guilty of burglary with discharge of a firearm causing great bodily harm or death.

And, again, do not pay particular attention to any one section of the jury instructions, read them all together. They're each—no one is more important than the other section, but I think that hopefully should assist you in answering that question.

After resuming its deliberations, the jury returned a verdict finding Appellant guilty as charged on all four counts. As to each count, the jury made the specific finding that Appellant "discharged a firearm causing death or great bodily harm during the commission of the offense."

At sentencing, the trial court imposed mandatory minimums of life imprisonment on the murder count and twenty-five years in prison on the remaining three counts. The court further ordered that these sentences would run consecutively with the exception that the sentences for the two attempted armed robbery counts would run concurrently with one another.

After this court granted a belated appeal, Appellant filed a motion to correct sentencing error pursuant to Florida Rule of

3

Criminal Procedure 3.800(b)(2), which claimed that the trial court improperly imposed consecutive mandatory minimum sentences under the 10-20-Life statute. The trial court denied this motion.

II

"A reviewing court applies the abuse of discretion standard when reviewing a trial court's response to a jury question." *Smith v. State*, 743 So. 2d 1141, 1143 (Fla. 1st DCA 1999); *accord Miller v. State*, 253 So. 3d 752, 755 (Fla. 1st DCA 2018). If a jury poses a question during its deliberations, the trial court has the discretion to directly answer the question or reread or refer to prior instructions on the subject matter. *Perriman v. State*, 707 So. 2d 1151, 1152 (Fla. 3d DCA 1998). However, if the court decides to reinstruct the jury, the repeated instructions should be complete on the subject involved because "'[t]he giving of a partial instruction fails to inform the jury fully and often leads to undue emphasis on the part given as against the part omitted.'" *Finklea v. State*, 920 So. 2d 156, 157 (Fla. 1st DCA 2006) (quoting *Hedges v. State*, 172 So. 2d 824 (Fla. 1965)).

Citing *Finklea*, Appellant claims that the trial court abused its discretion by rereading a portion of the jury instructions in response to the jury's question. In *Finklea*, the jury asked for the definition of "possession" while deliberating on charges of possession of a controlled substance and possession of drug paraphernalia. In discussing how to respond to the jury's request, defense counsel requested that the court reread in full the three elements of the crime of possession in the standard jury instruction, specifically including the requirement that the State prove knowledge. The trial court denied this request and, over defense objection, gave only a partial instruction that left out the "knowledge" portion of the definition of unlawful possession. On appeal, this court reversed and remanded for a new trial, holding that the trial court abused its discretion in refusing to give a complete instruction where the case involved only one disputed issue—i.e., whether the defendant knew that unlawful items were in the bottle. *Id.* at 157-58.

Unlike *Finklea*, the trial court in this case did not respond to the jury's question by giving an incomplete instruction that failed to fully define an element of the charged offense that was in

4

dispute. The jury's question did not reflect any misunderstanding regarding the crimes charged; rather, it went to the issue of the firearm enhancement under the 10-20-Life statute—i.e., whether a finding that the defendant fired a gun at one victim would apply to counts involving the other victims. The trial court responded to the question by rereading those portions of the instructions addressing that issue. We conclude that the trial court did not abuse its discretion by rereading only those portions of the instructions that answered the jury's specific question. *See Holsworth v. State*, 522 So. 2d 348, 353 (Fla. 1988); *Garcia v. State*, 492 So. 2d 360, 366 (Fla. 1986); *Engle v. State*, 438 So. 2d 803, 810-11 (Fla. 1983); *Griffin v. State*, 414 So. 2d 1025, 1028 (Fla. 1982); *Henry v. State*, 359 So. 2d 864, 867-68 (Fla. 1978).

Moreover, by repeatedly reminding the jury that it needed to pay attention to all of the instructions and not focus on any one particular instruction, the court satisfactorily addressed any concern that rereading only a portion of the instructions would unduly emphasize that portion over the remainder of the instructions. *See Morgan v. State*, 212 So. 3d 1104, 1106 (Fla. 1st DCA 2017) (recognizing that absent a finding to the contrary, juries are presumed to follow the instructions given them).

III

In *Williams v. State*, 186 So. 3d 989 (Fla. 2016), the Florida Supreme Court held that "consecutive sentencing of mandatory minimum imprisonment terms for multiple firearm offenses is impermissible [under the 10-20-Life statute] if the offenses arose from the same criminal episode and a firearm was merely possessed but not discharged." *Id.* at 993. The supreme court further held that "[i]f . . . multiple firearm offenses are committed contemporaneously, during which time multiple victims are shot at, then consecutive sentencing is permissible but not mandatory." *Id.*

Most recently, in *Miller v. State*, 43 Fla. L. Weekly S426 (Fla. Oct. 4, 2018), the supreme court held that the 10-20-Life statute "permits consecutive sentences at judicial discretion for specified crimes committed in a single criminal episode with either multiple victims or injuries," but "neither mandates nor permits consecutive sentences for crimes committed in a single criminal

episode with a single victim or injury in which a firearm is not discharged."

In this case, Appellant claims that the trial court erred in imposing consecutive mandatory minimum sentences under the 10-20-Life statute for multiple firearm offenses arising out of a single criminal episode where Appellant only shot at one victim. In doing so, he relies on *Torres-Rios v. State*, 205 So. 3d 883 (Fla. 5th DCA 2016), which held that consecutive mandatory minimums were not permissible where there was only a single discharge of a firearm and only one person was shot during a single criminal episode. Although it was approved by the supreme court in *Miller*, *Torres-Rios* did not involve multiple discharges of a firearm, and there is no indication that the charged offenses arose from a single criminal episode involving more than one victim. Accordingly, we conclude that this case is controlled not by *Torres-Rios*, but by *Abrams v. State*, 220 So. 3d 581 (Fla. 1st DCA 2017), in which this court held:

> Here, the jury found Appellant guilty of discharging a firearm in each of the charged offenses. The offenses occurred in the same episode and involved multiple victims. Thus, the trial court had discretion to impose concurrent or consecutive mandatory minimum sentences in this case.

*Id*. at 582. Likewise, the jury in this case found Appellant guilty of discharging a firearm in each of the charged offenses, which occurred in the same episode and involved multiple victims. Accordingly, the trial court had discretion to impose concurrent or consecutive mandatory minimum sentences in this case.

We acknowledge the existence of case law from the Fourth and Fifth Districts holding that consecutive mandatory minimum sentences are not permitted under the 10-20-Life statute for firearm offenses arising from the same criminal episode and involving multiple victims where only one victim is shot. *See State v. Parker*, 812 So. 2d 495, 497-99 (Fla. 4th DCA 2002) (holding that the trial court could not impose consecutive mandatory minimum sentences for one count of attempted second-degree murder with a firearm and three counts of aggravated assault with a firearm where the defendant shot only one of the four victims); *Cook v.*

6

*State*, 775 So. 2d 425, 427 (Fla. 5th DCA 2001) (holding that the trial court could not impose consecutive mandatory minimum sentences where one victim was shot and two other victims were threatened at gunpoint during an armed robbery). However, these cases can be distinguished because they involved the single discharge of a firearm whereas this case involved multiple discharges of a firearm, resulting in multiple fatal injuries to one of the victims. To the extent these cases could be construed for the proposition that consecutive sentencing is not permissible where only a single victim is shot regardless of the number of gunshots or injuries to the victim, they cannot be reconciled with the Florida Supreme Court's subsequent decision in *Williams*, which held that consecutive mandatory minimum sentences for four counts of aggravated assault with a firearm were permissible where a defendant pointed a gun at four victims and then fired multiple shots into the air. 186 So. 3d at 989. Notably, none of the victims actually were shot at or injured. Moreover, the supreme court in *Miller* cited *Williams* for the proposition that "consecutive sentences were permissible because there were multiple victims and the gun was fired." 43 Fla. L. Weekly at S426. Accordingly, consecutive sentences were permissible in this case because there were multiple victims and the gun was fired. To the extent *Parker* and *Cook* held that multiple victims must be shot at or injured, we conclude that those decisions are no longer good law after *Williams* and *Miller*.

IV

In summary, the trial court did not abuse its discretion by rereading a portion of the jury instructions that responded to the jury's specific question, especially where the court emphasized that the jury needed to pay attention to all of the instructions and not focus on any one particular instruction. Moreover, the trial court did not err in denying Appellant's rule 3.800(b)(2) motion because the trial court had discretion to impose consecutive mandatory minimum sentences under the 10-20-Life statute where there were multiple victims and discharges of a firearm. Finally, we affirm as to Appellant's other claims without discussion.

AFFIRMED.

ROBERTS and RAY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Andy Thomas, Public Defender, and M. J. Lord, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Kaitlin Weiss, Assistant Attorney General, Tallahassee, for Appellee.