692 So.2d 889 (1997)
STATE of Florida, Petitioner,
v.
Larry CHRISTIAN, Respondent.
No. 88781.
Supreme Court of Florida.
May 1, 1997.
Robert A. Butterworth, Attorney General; James W. Rogers, Tallahassee Bureau Chief, Criminal Appeals and Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Petitioner.
Nancy A. Daniels, Public Defender and Kathleen Stover, Assistant Public Defender, Second Judicial Circuit, Tallahassee, for Respondent.
SHAW, Justice.
We have for review Christian v. State, 693 So.2d 990 (Fla. 1st DCA 1996), which conflicts with Lifred v. State, 643 So.2d 94 (Fla. *890 4th DCA 1994). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We quash Christian.
Sixteen year-old Larry Christian accompanied his twenty year-old brother, Wesley, to the Inferno Club in Perry, Florida, on February 14, 1994, and when Chad Ellis, an Inferno patron, picked a fight with Wesley, Christian approached Ellis from behind and shot him three times. Another patron, Pedro Bishop, interceded and grabbed Christian around the legs and Christian shot him also. Ellis died; Bishop lived.
Christian was charged with second-degree murder with a firearm, attempted second-degree murder with a firearm, and discharging a firearm in a public building. Following trial, he was convicted of second-degree murder with a firearm, aggravated battery with a firearm, and discharging a firearm in an occupied building. He was sentenced to concurrent twenty-five-, fifteen-, and fifteen-year terms of imprisonment respectively, with the three-year mandatory minimum portions of the first two firearms offenses running consecutively. The district court reversed the consecutive mandatory minimum terms, barring such a sentence "absent proof of separate offenses against separate victims, committed at separate times and places." Christian, 693 So.2d at 993.
Christian asserts that where multiple mandatory minimum terms are based on a single firearm used in one continuous episode, only concurrent terms can be imposed. He contends that the district court ruled properly. We disagree.
Section 775.087, Florida Statutes (1993), authorizes imposition of a three-year mandatory minimum term for use of a firearm during the commission of certain crimes:
(2)(a) Any person who is convicted of:
1. Any murder, sexual battery, robbery, burglary, arson, aggravated assault, aggravated battery, kidnapping, escape, breaking and entering with intent to commit a felony, or aircraft piracy, or any attempt to commit the aforementioned crimes ...
....
and who had in his possession a "firearm"... shall be sentenced to a minimum term of imprisonment of 3 calendar years.
§ 775.087, Fla. Stat. (1993).
The above section is silent concerning the stacking of mandatory minimum terms, and section 775.021, Florida Statutes (1993), entitled "Rules of construction," offers little additional guidance:
(4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively.
§ 775.021, Fla. Stat. (1993). Accordingly, we turn to case law for direction.
As a general rule, for offenses arising from a single episode, stacking is permissible where the violations of the mandatory minimum statutes cause injury to multiple victims,[1] or multiple injuries to one victim.[2] The injuries bifurcate the crimes for stacking *891 purposes.[3] The stacking of firearm mandatory minimum terms thus is permissible where the defendant shoots at multiple victims,[4] and impermissible where the defendant does not fire the weapon.[5]
In the present case, Christian shot two people. Stacking is permissible. We quash Christian and remand for re-imposition of the original sentence. We approve the result in Lifred.
It is so ordered.
KOGAN, C.J., and OVERTON, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] See, e.g., Downs v. State, 616 So.2d 444 (Fla. 1993) (approving stacking of one twenty-five year capital felony mandatory minimum term with one three-year firearm mandatory minimum term where defendant killed woman and committed aggravated assault on witness); State v. Enmund, 476 So.2d 165 (Fla.1985) (approving stacking of two capital felony mandatory minimum terms where defendant committed two homicides). The injury may consist of the heightened danger caused by a fired weapon. See State v. Thomas, 487 So.2d 1043 (Fla.1986) (approving stacking of two firearm mandatory minimum terms where defendant shot woman and shot at, but missed, her son).
[2] See, e.g., State v. Boatwright, 559 So.2d 210 (Fla.1990) (approving stacking of two capital felony mandatory minimum terms where defendant committed two counts of sexual battery on same child). Each violation must cause a separate injury. See McGouirk v. State, 493 So.2d 1016 (Fla.1986) (disapproving stacking of one ten-year explosive device mandatory minimum term with one three-year destructive device mandatory minimum term where defendant's sole act was to place bomb under family's trailer, injuring one person).
[3] Cf. Hale v. State, 630 So.2d 521 (Fla.1993) (disapproving stacking of two maximum habitual offender terms); Daniels v. State, 595 So.2d 952 (Fla.1992) (disapproving stacking of three habitual offender mandatory minimum terms). A violation of the habitual offender statute is procedural (i.e., it results from the accumulation of offenses) and does not itself cause injury to any victim.
[4] See Thomas, supra note 1.
[5] See State v. Ames, 467 So.2d 994 (Fla.1985) (disapproving stacking of two firearm mandatory minimum terms where defendant committed burglary, robbery, and sexual battery on same victim, without firing weapon); Palmer v. State, 438 So.2d 1 (Fla.1983) (disapproving stacking of thirteen firearm mandatory minimum terms where defendant robbed thirteen mourners in funeral home, without firing weapon).