758 So.2d 1270 (2000)
Jonathan SIMMONS, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D99-1968.
District Court of Appeal of Florida, Third District.
June 7, 2000.
Jonathan Simmons, in proper person.
Robert A. Butterworth, Attorney General, and Darien M. Doe, Assistant Attorney General, for appellee.
Before COPE, GERSTEN and FLETCHER, JJ.
PER CURIAM.
In response to a postconviction motion filed by Jonathan Simmons, the trial court agreed that under the version of the habitual offender statute in effect at the time of appellant's crimes,[1] it was not permissible to give a sentence as a habitual violent felony offender on count twelve, second degree murder with a firearm, which is a life felony. See Lamont v. State, 610 So.2d 435, 438 (Fla.1992). The trial court vacated the fifteen-year mandatory minimum sentence on count twelve, but made no other change in the sentence.
On this appeal, defendant-appellant Simmons points out that he is entitled to be resentenced under the guidelines on count twelve. Defendant is correct. See id. Accordingly we reverse the trial court order in part and remand with directions to resentence the defendant on count twelve only, in accordance with the guidelines. The habitual violent felony offender adjudication on count twelve must also be vacated.
Defendant need not be present at the resentencing, and we reject the defendant's argument that he is entitled to be present. In view of defendant's other life sentences, this amounts to a technical correction on count twelve only.
We affirm the striking of the mandatory minimum sentence on count twelve, but reverse for the other relief just stated.
Affirmed in part, reversed in part, and remanded for correction of sentence.
NOTES
[1] December 15, 1988.