PER CURIAM.
Timothy Adams appeals an amended sentencing order. We affirm.
Defendant-appellant Adams was charged with first degree murder and other crimes. Pursuant to a plea bargain, the homicide charge was reduced to second degree murder, with the sentencing to be left up to the trial court. During the plea colloquy, the defendant was advised that on the second degree murder charge, the maximum sentence was life imprisonment as a habitual violent felony offender (“HVFO”) with a mandatory minimum *822 sentence of fifteen years. At the sentencing proceeding, the court imposed that sentence.
On appeal, the defendant argues that the second degree murder charge should have been classified as a life felony. He makes that claim because the first degree murder charge was first degree murder with a firearm. He reasons that the reduced charge must have been second degree murder with a firearm, a life felony. See Thomas v. State, 822 So.2d 561, 562 (Fla. 3d DCA 2002); Simmons v. State, 758 So.2d 1270 (Fla. 3d DCA 2000). For the defendant’s crime date of March 31, 1996, habitualization was not permissible for a life felony. See Salters v. State, 758 So.2d 667 (Fla.2000); Lamont v. State, 610 So.2d 435 (Fla.1992); Martin v. State, 795 So.2d 143 (Fla. 3d DCA 2001).
After review of the plea colloquy, we agree with the State that the defendant’s argument is not well taken. In this case the original charge was first degree murder with a firearm. Pursuant to a plea agreement, the charge was reduced to second degree murder. The reduced charge was stated to be second degree murder in the plea colloquy, and is so reflected on the judgment. There was no mention anywhere that the reduced charge was supposed to be second degree murder with a firearm.
Second degree murder (without enhancement for a firearm) is a first degree felony punishable by life imprisonment. § 782.04(2), Fla. Stat. (1995). Adjudication as an HVFO is permissible for a first degree felony. See § 775.084(4)(b), Fla. Stat. (1993).
The defendant was informed in the plea colloquy that the maximum sentence for the second degree murder charge was life imprisonment with a fifteen-year mandatory minimum sentence as an HVFO. The decision of what sentence to impose was left up to the trial court. We see no basis on which to overturn the HVFO sentence.
Affirmed.