PER CURIAM.
Appellant, Torrie O. Smith, challenges the consecutive minimum mandatory sentences he received pursuant to section 775.087(2)(d), Florida Statutes (2000), the “10-20-Life” statute, for crimes involving a firearm. Appellant contends that, under the authority of Hale v. State, 630 So.2d 521 (Fla.1993), Palmer v. State, 438 So.2d 1 (Fla.1983), and other recent case law, the trial court was required to impose appellant’s minimum mandatory sentences concurrently because the convictions arose from the same criminal episode.
Appellant is correct in asserting that when minimum mandatory terms are re *407 quired by the 10-20-Life statute, and when the convictions arise out of the same criminal episode, the minimum mandatory sentences must run concurrently. See, e.g., Perreault v. State, 853 So.2d 604, 606 (Fla. 5th DCA 2003); Wilchcombe v. State, 842 So.2d 198, 200 (Fla. 3d DCA 2003). However, because appellant did not raise this argument in the trial court, either during the sentencing hearing or in his subsequent rule 3.800(b)(2) motion, this issue is not preserved for review on direct appeal. See Carter v. State, 791 So.2d 525, 526-27 (Fla. 1st DCA 2001) (“A sentencing issue that has not been raised in the trial court either by an objection at the sentencing hearing or in a subsequent rule 3.800(b) motion will not be addressed on direct appeal.”); State v. Clay, 780 So.2d 269, 270 (Fla. 5th DCA 2001) (“In order to properly preserve an issue for appellate review, the issue ‘must be timely raised and ruled on by the trial court’ and ‘it must be sufficiently precise that it fairly appr[i]ses the trial court of the relief sought and the grounds for the objection.’ ”). Therefore, appellant’s sentences are affirmed. We also affirm as to appellant’s remaining issues without discussion.
AFFIRMED.
BOOTH, BENTON and LEWIS, JJ., concur.