872 So.2d 934 (2004)
Tony ELOZAR, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-3732.
District Court of Appeal of Florida, Fifth District.
March 26, 2004.
Rehearing Denied May 18, 2004.
James B. Gibson, Public Defender, and Anne Moorman Reeves, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.
SAWAYA, C.J.
Tony Elozar appeals the sentences imposed upon remand from this court in Elozar v. State, 825 So.2d 490 (Fla. 5th DCA 2002) (Elozar I). He raises two issues that have merit: 1) the trial court *935 erred in imposing consecutive minimum mandatory sentences for two counts of robbery with a firearm; and 2) the sentences for both robbery with a firearm and possession of a firearm during the commission of a felony violate the double jeopardy clause of the Florida and federal constitutions. See U.S. Const., amend. V; Art. I, § 9, Fla. Const. Because the factual background is not important to the resolution of these issues, we will immediately proceed to address each issue in the order presented.
Resolution of the first issue revolves around the provisions of section 775.087(2)(d), Florida Statutes (1999),[1] which states:
It is the intent of the Legislature that offenders who actually possess, carry, display, use, threaten to use, or attempt to use firearms or destructive devices be punished to the fullest extent of the law, and the minimum terms of imprisonment imposed pursuant to this subsection shall be imposed for each qualifying felony count for which the person is convicted. The court shall impose any term of imprisonment provided for in this subsection consecutively to any other term of imprisonment imposed for any other felony offense.
In order to determine whether this statute requires imposition of consecutive minimum mandatory sentences, even for crimes arising from the same criminal episode, the courts have struggled to discern the Legislature's intent in enacting this statute. "To determine legislative intent, [a court] must consider the act as a whole'the evil to be corrected, the language of the act, including its title, the history of its enactment, and the state of the law already in existence bearing on the subject.'" State v. Webb, 398 So.2d 820, 824 (Fla.1981) (emphasis deleted) (quoting Foley v. State ex rel. Gordon, 50 So.2d 179, 184 (Fla.1951) (quoting Curry v. Lehman, 55 Fla. 847, 47 So. 18, 19 (1908))); see also State v. Patterson, 694 So.2d 55, 58 (Fla. 5th DCA 1997).
It is rather obvious from the provisions of section 775.087(2)(d) that the evil to be corrected is the use of firearms by felons during the commission of certain crimes. Consideration of this factor would certainly lead to the conclusion that the Legislature intended that minimum mandatory sentences be imposed consecutively rather than concurrently so that the harshest penalty could be imposed on felons who use firearms. However, when the state of the law at the time the statute was enacted is considered along with the statutory language that intent becomes far less obvious.
Prior to the enactment of section 775.087(2)(d), the Florida Supreme Court in Palmer v. State, 438 So.2d 1 (Fla.1983), addressed the issue of stacking minimum mandatory sentences under the 1981 version of section 775.087(2), which provided, in pertinent part, that any person convicted of certain specified felonies
who had in his possession a "firearm," as defined in s. 790.001(6) ... shall be sentenced to a minimum term of imprisonment of 3 calendar years. Notwithstanding the provisions of s. 948.01, adjudication of guilt or imposition of sentence shall not be suspended, deferred, or withheld, nor shall the defendant be eligible for parole or statutory gain-time under s. 944.27 or s. 944.29, prior to serving such minimum sentence.
§ 775.087(2)(b), Fla. Stat. (1981). The court held that the minimum mandatory sentences under section 775.087(2), Florida Statutes (1981), could not be imposed consecutively *936 for offenses that arose out of the same criminal episode. The court arrived at this conclusion after it discovered that "[n]owhere in the language of section 775.087 do we find express authority by which a trial court may deny, under subsection 775.087(2), a defendant eligibility for parole for a period greater than three calendar years." Palmer, 438 So.2d at 3. The court also analyzed the provisions of section 775.021(4), Florida Statutes (1981), and likewise found nothing indicating the Legislature's intent to allow consecutive minimum mandatory sentences for offenses that arose out of the same criminal episode.
In State v. Christian, 692 So.2d 889 (Fla.1997), the Florida Supreme Court addressed the issue of stacking minimum mandatory sentences in cases where one firearm is used in a continuous criminal episode. The court analyzed the provisions of sections 775.087 and 775.021(4)(a), Florida Statutes (1993), but found nothing in either statute that would indicate the Legislature's intent that stacking of minimum mandatory sentences should be required. Therefore, the court looked to caselaw for the answer, including its prior decision in Palmer, and held:
As a general rule, for offenses arising from a single episode, stacking is permissible where the violations of the mandatory minimum statutes cause injury to multiple victims, or multiple injuries to one victim. The injuries bifurcate the crimes for stacking purposes. The stacking of firearm mandatory minimum terms thus is permissible where the defendant shoots at multiple victims, and impermissible where the defendant does not fire the weapon.
Christian, 692 So.2d at 890-91 (footnotes omitted). This was the state of the law prior to enactment of section 775.087(2)(d) in 1999.
What is significant about Palmer and Christian, besides the fact that they both pre-date section 775.087(2)(d), is the court's clear holding that it could not find any legislative authority in the statutes it analyzed for stacking minimum mandatory sentences arising out of the same episode. Recent decisions of the Florida courts that have specifically interpreted and applied section 775.087(2)(d) do not find such legislative authority in that statute either. See Arutyunyan v. State, 863 So.2d 410 (Fla. 4th DCA 2003); Perreault v. State, 853 So.2d 604 (Fla. 5th DCA 2003); Green v. State, 845 So.2d 895 (Fla. 3d DCA 2003); Wilchcombe v. State, 842 So.2d 198 (Fla. 3d DCA 2003); Cunningham v. State, 838 So.2d 627 (Fla. 5th DCA 2003); Stafford v. State, 818 So.2d 693 (Fla. 5th DCA 2002); see also Williams v. State, 820 So.2d 1000 (Fla. 3d DCA 2002).
These decisions, after considering all of the language of section 775.087(2)(d), focused on the language that expressly provides that "[t]he court shall impose any term of imprisonment provided for in this subsection consecutively to any other term of imprisonment imposed for any other felony offense." § 775.087(2)(d), Fla. Stat. (2003) (emphasis added). In Mondesir v. State, 814 So.2d 1172, 1173 (Fla. 3d DCA 2002), the court held that "[m]erely on the face of the statute, the reference to `any other` felony refers, as in this case, only to another separate crime, rather than those involved in a single prosecution." (Footnote omitted). The court indicated that this interpretation was especially appropriate in light of the doctrine of lenity that requires that any doubts about statutory interpretation be resolved in favor of the defendant. See § 775.021(a), Fla. Stat. (2001).[2] In adopting the rationale in Mondesir, this court and others have held that consecutive minimum mandatory sentences *937 for offenses arising out of the same criminal episode are forbidden; but if the offenses do not arise out of the same episode, then the trial court has discretion to impose concurrent of consecutive sentences. Perreault; Wilchcombe; Cunningham; Stafford; see also Smith v. State, 867 So.2d 406 (Fla. 1st DCA 2003). Hence, after analyzing the language of the statute and the state of the law at the time it was enacted, the courts are still unable to find legislative authority in section 775.087(2)(d) for consecutive minimum mandatory sentences for offenses arising out of the same criminal episode. Therefore, the rationale of the court in Christian and Palmer remains applicable when determining whether consecutive minimum mandatory sentences for firearm offenses are appropriate. See Perreault (citing Cook v. State, 775 So.2d 425 (Fla. 5th DCA 2001)); State v. Parker, 812 So.2d 495 (Fla. 4th DCA 2002).
Here, the State does not contest Elozar's contention that the robbery offenses arose out of the same criminal episode and that there were no injuries to multiple victims or multiple injuries to a single victim.[3] Therefore, Elozar's sentences for the two robbery convictions must be reversed and this case remanded so the trial court can impose concurrent minimum mandatory sentences for those two offenses.
As to the second issue, Elozar asserts, and the State properly concedes, that a double jeopardy violation occurred when Elozar was convicted and sentenced for both the robbery with a firearm count and the count charging him with possession of a firearm during the commission of a felony. We agree based on precedent from this court and others. See Cleveland v. State, 587 So.2d 1145 (Fla.1991) (reversing, on double jeopardy grounds, a conviction for use of a firearm during the commission of a felony where the defendant was convicted of, and sentenced for, the crimes of attempted robbery with a firearm and use of a firearm while committing a felony stemming from a single act); Merrell v. State, 841 So.2d 677 (Fla. 3d DCA 2003); Law v. State, 824 So.2d 1055, 1058 (Fla. 5th DCA 2002) (observing that the supreme court had determined "that when a felony conviction is reclassified and enhanced under section 775.087(2) ... due to the defendant's use of a firearm in committing a crime, the single act of using that same firearm in the commission of the same felony cannot form the basis of a separate sentence and conviction for use of a firearm while committing a felony under section 790.07(2)...."); Hall v. State, 752 So.2d 1245, 1246 (Fla. 3d DCA 2000).
Accordingly, we reverse the conviction for possession of a firearm during the commission of a felony. We also reverse the consecutive minimum mandatory sentences for the two robbery offenses and remand this case to the trial court for the imposition of concurrent minimum mandatory sentences for those two offenses.[4]
*938 AFFIRMED in part; REVERSED in part.
PLEUS and ORFINGER, JJ., concur.
NOTES
[1] The provisions of section 775.087(2), Florida Statutes (1999), are commonly referred to as the "10/20/Life" statute. See Olivo v. State, 823 So.2d 872, 872 (Fla. 5th DCA 2002), review denied, 845 So.2d 891 (Fla.2003).
[2] Parenthetically, we note that the provisions of section 775.021(4)(b), Florida Statutes, at first blush, might indicate that the doctrine of lenity should not be applied to resolve the issue of stacking minimum mandatory sentences. However, the court in Jackson v. State, 659 So.2d 1060, 1062 (Fla.1995), held that "[t]he subsequent addition of subsection (b) to section 775.021(4) was designed to overrule this Court's decision in Carawan v. State, 515 So.2d 161 (Fla.1987), pertaining to consecutive sentences for separate offenses committed at the same time, and had nothing to do with minimum mandatory sentences." (Footnote omitted).
[3] We reject the State's argument that we should affirm the sentences based on the law of the case doctrine.
[4] Elozar also argues that the consecutive life sentences he received for each count of robbery with a firearm constitute cruel and unusual punishment because his co-defendants were not sentenced that harshly and the sentences he received resulted from judicial vindictiveness. Having concluded that these issues have no merit, we affirm as to each.