911 So.2d 129 (2005)
Derrick GOREE, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-1898.
District Court of Appeal of Florida, Third District.
May 4, 2005.
Bennett H. Brummer, Public Defender, and Leslie Scalley, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Erin Kinney, Assistant Attorney General, for appellee.
Before COPE, FLETCHER and WELLS, JJ.
PER CURIAM.
Derrick Goree appeals an order denying his motion to correct illegal sentence. We affirm.
Defendant-appellant Goree argues that it was impermissible for the trial *130 court to sentence him to three consecutive thirty-year sentences for three convictions of attempted second degree murder. On the contrary, consecutive sentencing is permissible. See § 775.021(4), Fla. Stat. (1979). The sentences are legal, not illegal. The cases relied on by the defendant all involve consecutive habitual offender sentences. See Long v. State, 652 So.2d 1222 (Fla. 2d DCA 1995); Rolling v. State, 643 So.2d 51 (Fla. 2d DCA 1994); Wonyetye v. State, 648 So.2d 797 (Fla. 4th DCA 1994). In the present case the defendant was not sentenced as a habitual offender, so the cases he has cited do not apply here.
The defendant also argues that the trial court should not have imposed consecutive mandatory minimum sentences with respect to two of the victims, Gabriel Prieto and Armando Echemendia. He alleges that both of the victims were sitting in the same car at the time that he fired gunshots at them. The defendant wounded Prieto but not Echemendia. We reject the defendant's argument because the Florida Supreme Court has said that the stacking of mandatory minimum sentences "is permissible where the defendant shoots at multiple victims...." State v. Christian, 692 So.2d 889, 890 (Fla.1997) (footnote omitted). "The injury may consist of the heightened danger caused by a fired weapon. See State v. Thomas, 487 So.2d 1043 (Fla.1986) (approving stacking of two firearm mandatory minimum terms where defendant shot woman and shot at, but missed, her son." Id. at 891 n. 4. Thus, stacking of mandatory minimum sentences was permissible.
The defendant relies on this court's decision in Witherspoon v. State, 833 So.2d 790 (Fla. 3d DCA 2002), but the facts of that case are not stated. The Christian decision spells out when stacking is, and is not, permitted.
The defendant also relies on this court's decision in Ward v. State, 630 So.2d 217 (Fla. 3d DCA 1993). There, too, the facts of the case are not stated. The later decision of the Florida Supreme Court in Christian is controlling to the extent of any inconsistency.
Affirmed.