932 So.2d 1221 (2006)
Talmage E. THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-228.
District Court of Appeal of Florida, Fifth District.
July 7, 2006.
*1222 Talmage E. Thomas, Bushnell, Pro Se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, J.
Talmage E. Thomas appeals the denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Thomas was charged by information with aggravated battery with a deadly weapon pursuant to section 784.045(1)(a)(2), Florida Statutes (2000), a second-degree felony. Pursuant to an agreement with the State, Thomas entered a plea of no contest to the charge in exchange for the State's recommendation of ten years in prison, followed by twenty years of probation. During the plea dialogue, the State described the incident that resulted in the charge against Thomas thusly:
On or about March 16, 2000, in Citrus County, the defendant did unlawfully actually intentionally touch or strike Cecil B. Evans against his will, and in the process cause bodily harm to that person.
In the commission of that battery, [Thomas] used a deadly weapon. In this case, it was a 9-millimeter semi-automatic pistol. He basically shot Mr. Evans with that pistol.
Upon hearing the facts of the incident, the trial court observed that this was a "10-20-life case."[1] In response, the State indicated that it would not appeal the *1223 agreed upon sentence if imposed, despite the minimum mandatory sentence mandated by section 775.087(2), Florida Statutes (2000). Consistent with the plea agreement, Thomas was sentenced to ten years in prison followed by twenty years of probation.[2] He did not appeal his sentence, but now contends that his sentence is illegal since in the aggregate, it exceeds the fifteen-year maximum term authorized for a second-degree felony by section 775.082(3)(c). The trial court denied Thomas's motion and this appeal followed. For the reasons stated hereafter, we reverse.
"To be illegal within the meaning of rule 3.800(a)[,] the sentence must impose a kind of punishment that no judge under the entire body of sentencing statutes could possibly inflict under any set of factual circumstances." Carter v. State, 786 So.2d 1173, 1178 (Fla.2001) (quoting Blakley v. State, 746 So.2d 1182, 1186-87 (Fla. 4th DCA 1999)). In order to obtain relief pursuant to rule 3.800(a), the claim must establish a basis for relief from the face of the record. Harris v. State, 902 So.2d 292, 292 (Fla. 3d DCA 2005).
In arguing Thomas's sentence is authorized, the State posits:
Florida's "10-20-life" statute provides that when a defendant carries, uses, or kills/injures someone during the commission of a crime, the felony is reclassified one degree higher for punishment purposes. In the instant case, the Defendant was charged with a second degree felony. Since he used a gun during the felony, it was reclassified as a first degree felony and it was punishable by 30 years in prison. See section 775.082, Fla. Stat. (2000). Since the Defendant discharged the gun during the aggravated battery, he was also subject to a 20 year mandatory minimum pursuant to § []775.087(2)(a)(2).
. . . .
In the instant case, the Defendant chose to enter a negotiated plea to 10 years in prison followed by 20 years of probation. Since he faced a maximum sentence of 30 years with 20 mandatory, his sentence is not an illegal sentence. It is clear that the information adequately charged the offense so that the court could impose the 10-20-life sanctions. The Defendant freely and voluntarily accepted the agreed sentence, therefore, the order denying the motion to correct sentence was properly denied.
The State's argument fails for several reasons. The State incorrectly argues that Thomas's aggravated battery with a deadly weapon charge was reclassified to a first-degree felony pursuant to section 775.087(1)(b), Florida Statutes (2000). In relevant part, section 775.087(1)(b) provides:
775.087 Possession of use of weapon; aggravated battery; felony reclassification; minimum sentence.
(1) Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens to use, or attempts to use any weapon or firearm... the felony for which the person is charged shall be reclassified as follows:
. . . .
(b) In the case of a felony of the second degree, to a felony of the first degree.
(Emphasis added).
The crime of aggravated battery, generally a second-degree felony under section *1224 784.045(2), is committed when a defendant: (1) causes great bodily harm, permanent disability, or disfigurement; or (2) uses a deadly weapon. The offense of aggravated battery is reclassified as a first-degree felony pursuant to 775.087(1)(b) when the crime involves a deadly weapon or firearm, unless "the use of a weapon or firearm is an essential element" of the charge. § 775.087(1)(b), Fla. Stat. (2000); Lareau v. State, 573 So.2d 813, 814 (Fla.1991). Here, because the State charged Thomas with aggravated battery by the use of a deadly weapon, the charge could not be reclassified to a first-degree felony because the use of the deadly weapon was an essential element of the charge.
The impact of the 10-20-life statute is more problematic because the information filed by the State adequately alleged Thomas's use of a firearm. That allegation, along with the facts put forth by the State during the plea dialogue required the court to impose the twenty-year minimum prison term mandated by section 775.087(2). Nevertheless, the State negotiated a plea that did not call for the minimum mandatory provision. The State was, of course, free to amend the information to delete the allegations needed to bring the charge within the mandatory sentencing provision of the 10-20-life law. Because the State negotiated a sentence that could only have been imposed without regard to the 10-20-life law, we must assume that the State, at least implicitly, amended the information to delete the allegations that would have otherwise required a mandatory twenty-year prison term. As a result, we conclude that Thomas's sentence is illegal, as it exceeds the fifteen-year maximum for a second-degree felony.
For these reasons, we reverse the order on review and remand this matter to the trial court with directions that Thomas be resentenced to a term that in the aggregate does not exceed fifteen years, or at the State's option, that the plea agreement be nullified since it called for an unauthorized sentence. If the State chooses the latter option, the matter may then proceed to trial and any lawful sentence supported by the evidence and the jury's findings may be imposed.
REVERSED AND REMANDED.
THOMPSON and MONACO, JJ., concur.
NOTES
[1] Section 775.087(2), Florida Statutes, is generally referred to as the "10-20-life" statute. See Elozar v. State, 872 So.2d 934 (Fla. 5th DCA 2004).
[2] The initial sentence was imposed by a predecessor judge.