963 So.2d 317 (2007)
Jose Raul VALENTIN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-3867.
District Court of Appeal of Florida, Fifth District.
August 17, 2007.
Jose R. Valentin, Wewahitchka, pro se.
Bill McCollum, Attorney General, Tallahassee, and Lori N. Hagan, Assistant Attorney General, Daytona Beach, for Appellee.
SAWAYA, J.
We reverse the trial court's summary denial of the motion filed by Jose Raul Valentin pursuant to rule 3.800(a), Florida Rules of Criminal Procedure. Of the several claims raised by Valentin,[1] only one entitles him to the relief requested. In that claim, Valentin contends that the consecutive three-year minimum mandatory terms imposed pursuant to section 775.087(2), Florida Statutes (1997), for the crimes he committedfelony murder with a special jury finding that Valentin carried a firearm in the commission of the crime and attempted armed robbery with a firearmconstituted an illegal sentence because the two offenses occurred during a single criminal episode.[2]
The trial court rejected Valentin's claim, holding that it is permissible to impose consecutive minimum mandatory *319 terms for a capital and a noncapital offense committed during the same criminal episode. The trial court relied upon the Florida Supreme Court's holding in Downs v. State, 616 So.2d 444 (Fla.1993), wherein the court held in pertinent part:
In the instant case we have a capital felony, first-degree murder, and a noncapital felony, aggravated assault. The applicable minimum mandatory sentences, twenty-five years for the former crime and three years for using a firearm during the commission of the latter, address two separate and distinct evilskilling someone and using a firearm. We see no reason why a trial court cannot, in its discretion, stack those minimum mandatory sentences. It would be improper to add a three-year minimum for using a firearm to kill the murder victim to the capital minimum mandatory, but Downs committed two distinct and separate crimes, and the trial court imposed distinct and separate penalties.
Id. at 446 (emphasis added) (footnote omitted). We do not believe that Downs is controlling here and, therefore, the trial court's reliance thereon was misplaced.
The error committed by the trial court in applying Downs was its failure to recognize that the twenty-five-year minimum term imposed against the defendant in Downs for his first-degree felony murder conviction was the statutorily required penalty for capital murder, whereas his consecutive three-year minimum mandatory term for aggravated assault was a sentence enhancement pursuant to section 775.087(2), Florida Statutes, based on his use of a firearm during the commission of the aggravated assault. Thus, the statutory bases for the minimum mandatory terms in Downs derive from different statutes addressing different evils: section 775.082(1), Florida Statutes (1993), which prohibits the killing of another human being, and section 775.087(2)(a), Florida Statutes (1993), which prohibits the use of a firearm during the commission of a crime. See Downs, 616 So.2d at 445 nn. 1 & 2. We also observe that the emphasized portion of the quote from Downs denotes the court's belief that had the defendant in that case also received a three-year minimum mandatory sentence for the murder conviction in addition to the three-year minimum mandatory sentence for the noncapital offense, the consecutive three-year sentences would be prohibited.
In the instant case, the only minimum mandatory sentences imposed on Valentin were the three-year variety under section 775.087(2), Florida Statutes (1997). This statute governs the imposition of sentences for specified offenses that involve the use of a firearm, which is the primary evil addressed by the statute. Therefore, Downs does not apply here, and we must resolve the issue raised by Valentin in accordance with precedent that addresses the issue of consecutive minimum mandatory sentences imposed under section 775.087(2).[3]
A general rule has emerged from a trilogy of decisions rendered by the Florida Supreme Court: the imposition of consecutive minimum mandatory sentences under section 775.087(2), Florida Statutes *320 (1997), is improper where the offenses occurred during a single criminal episode unless the defendant discharges the firearm and injures multiple victims or causes multiple injuries to one victim. State v. Christian, 692 So.2d 889 (Fla.1997); State v. Thomas, 487 So.2d 1043 (Fla.1986); Palmer v. State, 438 So.2d 1 (Fla.1983). The injuries bifurcate the crimes thus allowing stacking of minimum mandatory sentences. Christian. Firing the weapon at an individual without striking him or her may be enough to cause the type of injury that will allow imposition of consecutive minimum mandatory sentences under the statute.[4]
A defendant may challenge in a rule 3.800(a) proceeding a trial court's erroneous imposition of consecutive minimum mandatory sentences where such an error is clear from the face of the record. See Perreault v. State, 853 So.2d 604 (Fla. 5th DCA 2003). Thus, because Valentin has raised a facially sufficient claim for relief, the trial court's denial of this claim must be reversed. Normally, we would remand the matter to allow the trial court to proceed under one of three options: grant the requested relief if the error appears on the face of the record; attach records that conclusively refute the claim if that is the case; or, if the court concludes that the error is not apparent from the face of the record, state so in its denial of relief. See Perreault. However, we will not do so here because the State has conceded in these proceedings that the crimes Valentin committed did occur during a single criminal episode and that Valentin did not cause harm to multiple victims or cause multiple injuries to one victim. Therefore, the two minimum mandatory sentences must be served concurrently rather consecutively. See Palmer; Elozar v. State, 872 So.2d 934 (Fla. 5th DCA 2004).
In circumstances where the State makes such a concession, we would commend it for its frankness and we do so now, mindful of course, that for all of Valentin's efforts in pursuing his claim in the trial court and in this court, the State's concession bestows upon Valentin nothing more than a Pyrrhic victory that results in concurrent rather than consecutive three-year minimum mandatory terms for the attempted robbery conviction and the murder conviction, which carries a life sentence anyway. Because we remand to the trial court to perform the ministerial act of ordering the two minimum mandatory sentences to be served concurrently, which will not affect the term of incarceration he must serve for each conviction, Valentin *321 does not have to be present for resentencing. See Johnson v. State, 899 So.2d 1283, 1283 (Fla. 5th DCA 2005) ("Johnson argues that the ten-year minimum mandatory terms should run concurrently because the crimes occurred during a single criminal episode. We agree and remand for resentencing in accordance with this opinion. Because this corrected sentence has no impact on the term of Johnson's incarceration, he need not be present at resentencing.") (citation omitted); Simmons v. State, 758 So.2d 1270, 1270 (Fla. 3d DCA 2000) ("Defendant need not be present at the resentencing, and we reject the defendant's argument that he is entitled to be present. In view of defendant's other life sentences, this amounts to a technical correction on count twelve only.").
We affirm the trial court's denial of Valentin's remaining claims for relief.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED.
PALMER, C.J. and LAWSON, J., concur.
NOTES
[1] In his other claims, Valentin asserts that: the trial court failed to score his conviction for first-degree felony murder on his guidelines scoresheet; his conviction for attempted armed robbery with a firearm should have been scored as a level 6 offense; and the use of the firearm was an essential element of the attempted robbery charge and, therefore, the trial court improperly reclassified his conviction for that offense by imposing a three-year minimum mandatory sentence. The trial court properly denied these claims. As to the last claim, we would simply note that this is not a case in which the use of a firearm was an essential element of the felony and the felony was reclassified to a higher degree felony due to the use of the firearm.
[2] Valentin was sentenced to life imprisonment for his first-degree felony murder conviction and a consecutive term of 57.5 months' imprisonment for his attempted armed robbery conviction.
[3] Section 775.087(2) was amended in 1999 and now bears the moniker "10-20-life statute." See Elozar v. State, 872 So.2d 934 (Fla. 5th DCA 2004). We note that Valentin committed his crimes in 1997 to signify that the provisions of section 775.087(2)(d), Florida Statutes, that were enacted in 1999 do not apply here, although we do not believe that the outcome would be any different under the amended statute. See State v. Sousa, 903 So.2d 923, 927 (Fla.2005) ("[W]e conclude that this amendment to the statute is consistent with the decisions in Christian and Thomas.").
[4] See Christian, 692 So.2d 889, 890 n. 1 (Fla. 1997) ("The injury may consist of the heightened danger caused by a fired weapon."); State v. Thomas, 487 So.2d 1043 (Fla.1986) (approving stacking of two firearm mandatory minimum terms where defendant shot one victim and shot at, but missed, another); Goree v. State, 911 So.2d 129 (Fla. 3d DCA 2005); Hargrove v. State, 905 So.2d 275, 276 (Fla. 2d DCA 2005) (upholding consecutive twenty-year minimum mandatory sentences for two counts of attempted first-degree murder with a firearm where defendant stepped in front of vehicle containing two occupants, shot driver and, as driver attempted to drive away, shot at passenger); see also State v. Sousa, 903 So.2d 923 (Fla.2005) (upholding three consecutive minimum mandatory sentences for two convictions of attempted first-degree murder and one count of aggravated battery arising out of a shooting spree during one criminal episode where two of the three victims were shot); Irizarry v. State, 946 So.2d 555, 558 (Fla. 5th DCA 2006) ("It is undisputed that each of Irizarry's offenses was a 10-20-life offense, that each offense arose from a single criminal episode, and that, during this criminal episode, Irizarry did not injure multiple victims or cause multiple injuries to any one victim. Nor did he fire his gun. Thus, under Christian, the trial court did not have the authority to consecutively impose Irizarry's minimum mandatory sentences.").