974 So.2d 1184 (2008)
Mario WHITE, Appellant/Cross-Appellee,
v.
STATE of Florida, Appellee/Cross-Appellant.
No. 5D06-3998.
District Court of Appeal of Florida, Fifth District.
February 22, 2008.
James S. Purdy, Public Defender, and Rose M. Levering, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Kristen L. Davenport, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, J.
Mario White appeals his convictions for second degree murder, robbery with a firearm and attempted robbery with a firearm. He argues that the trial court abused its discretion in admitting a transcript of an eyewitness police interview as a prior consistent statement to rebut a charge of recent fabrication. Although White claims the statement was erroneously admitted because the witness' motive to fabricate existed at the time of the statement, the statement was clearly admissible to rebut a charge of recent fabrication based on additional motives to fabricate arising after the statement. These additional motives were the subject of extensive cross-examination and argument by the defense in an effort to undermine the witness' credibility. Accordingly, we affirm White's convictions. See, e.g., Chamberlain v. State, 881 So.2d 1087 (Fla.2004); Chandler v. State, 702 So.2d 186 (Fla. 1997).
On cross-appeal, the State argues that the trial court should have been allowed to impose consecutive sentences on the robbery and attempted robbery counts. We have jurisdiction to address the State's cross-appeal under Florida Rule of Appellate Procedure 9.140(c)(1)(K).
The trial court sentenced White to 30 years in prison with a ten year minimum mandatory for carrying a firearm on the second degree murder count, 30 years with a 20 year minimum mandatory for discharging a firearm on the robbery count, and 15 years with a 20 year minimum mandatory sentence on the attempted robbery count. The court ordered all the minimum mandatory sentences to run concurrently, as well as the 30 year sentences for murder and robbery. However, the court ran the 15 year sentence for attempted *1185 robbery consecutive to the 30 year sentences for murder and robbery.
While this appeal was pending, White filed a motion to correct sentencing error, alleging that on the attempted robbery charge, it was illegal to run the 20 year minimum mandatory and the 15 year statutory maximum sentence consecutively, in effect resulting in a 35 year sentence on a second degree felony. The trial court agreed and struck the consecutive 15 year sentence. The court explained that it believed it was constrained to do so because the sentence exceeded its jurisdiction.
The State argues that the trial court erred in believing it was constrained to delete the 15 year consecutive sentence on the attempted robbery count. We disagree. The trial court's original imposition of a 20 year minimum mandatory sentence and a consecutive 15 year statutory maximum sentence for attempted robbery, a total of 35 years for a second degree felony, was clearly illegal.
We recognize that the problem raised by State is a legitimate one. If a defendant attempts to rob two victims at the same time, he may be charged with two counts of attempted robbery and the court may impose consecutive statutory maximum sentences of 15 years in prison on each count, for a total sentence of 30 years. § 775.021(4), Fla. Stat. (2006). However, if the defendant discharges a firearm during the course of those attempted robberies, the court must impose a 20 year minimum mandatory sentence on each count. § 775.087(2)(a)2, (2)(c), Fla. Stat. But case law seems to hold that because the crimes arise from a single episode, the mandatory minimum sentences must be run concurrently, resulting in a total sentence of 20 years. See, e.g., Valentin v. State, 963 So.2d 317 (Fla. 5th DCA 2007). Thus, under such a hypothetical situation, the application of this judicially-created rule would arguably reward a defendant for discharging a firearm because his exposure would be reduced from 30 years to 20 years. We question whether a judge should be required to run mandatory minimum sentences concurrently where the maximum sentence faced by a defendant would be reduced because the defendant discharged a firearm. However, we do not need to resolve that hypothetical situation in this case.
Here, the defendant was exposed to a life sentence on the murder charge.[1] Furthermore, because the murder occurred at a different time than the robbery and attempted robbery, the trial court had significant flexibility in structuring the defendant's sentences. The trial judge could have accomplished his intent of sentencing White to a total sentence of 45 years in prison even while running the mandatory minimum sentences on the robbery and attempted robbery concurrent. The trial judge did not do so. We cannot undo the sentences on the other counts to achieve the trial judge's intent without violating double jeopardy principles. We therefore affirm White's corrected sentence.
AFFIRMED.
MONACO and EVANDER, JJ., concur.
NOTES
[1] § 782.04(2), Fla. Stat. (2005).