SUAREZ, J.
Dail Wright appeals from a final judgment of conviction and sentence. We affirm.
After waiving his Miranda rights, Wright confessed to the police to burglarizing the victim, as well as to sexually assaulting her in front of her minor child. He went to trial and was convicted of burglary with assault or battery; two counts of sexual battery with no serious injury; one count of attempted sexual battery with no serious injury; lewd and lascivious exhibition on a child under sixteen; child abuse with no bodily harm; and credit card theft. As to one of the sexual battery counts, the State charged Wright pursuant to section 794.0115, Florida Statutes (2009), the Dangerous Sexual Felony Offender Act, because he committed a sexual battery on the adult victim as well as victimized another person, the victim’s minor child, by committing the act in front of the child.
Prior to trial, the defense argued that the statute is unconstitutional because the term “victimized” in subsection (c) is vague. The trial court disagreed and denied the motion. The jury convicted Wright as charged, and the court sentenced him to the mandatory minimum term of twenty-five years pursuant to section 794.0115(2)(c) (2009).[1]
*1093 Wright argues that subsection (c) provides no definition for the term “victimized” and as such it is unconstitutionally vague. Wright argues that a person could be convicted and sentenced under this statute if he or she committed an unrelated misdemeanor in addition to one of the enumerated offenses. We disagree. The definitions at the beginning of chapter 794.011 define “victim” as “a person who has been the object of a sexual offense.” Reading this specific definition in the context of § 794.0115(2)(c) clearly encompasses Wright’s offense of 1) committing an enumerated offense (sexual battery) against the adult victim, and 2) committing a sexual offense against the minor child, i.e., “victimizing” the minor child by sexually assaulting his mother in front of him. The charges of lewd and lascivious exhibition on a child under sixteen and child abuse with no injury, clearly satisfy the statute’s requirements for being “victimized” under subsection (c) when read together with the statute’s definition of “victim.” The statute is not unconstitutionally vague and we thus affirm Wright’s convictions and sentence.
Affirmed.

. Section 794.0115 provides
(2) Any person who is convicted of a violation *1093 of s. 787.025(2)(c); s. 794.011 (2), (3), (4), (5), or (8); s. 800.04(4) or (5); s. 825.1025(2) or (3); s. 827.071(2), (3), or (4); or s. 847.0145; or of any similar offense under a former designation, which offense the person committed when he or she was 18 years of age or older, and the person:
(c) Victimized more than one person during the course of the criminal episode applicable to the offense; [e.s.]
(e) Has previously been convicted of a violation of s. 787.025(2)(c); s. 794.011(2), (3), (4), (5), or (8); s. 800.04(4) or (5); s. 825.1025(2) or (3); s. 827.071(2), (3), or (4); s. 847.0145; of any offense under a former statutory designation which is similar in elements to an offense described in this paragraph; or of any offense that is a felony in another jurisdiction, or would be a felony if that offense were committed in this state, and which is similar in elements to an offense described in this paragraph,
is a dangerous sexual felony offender, who must be sentenced to a mandatory minimum term of 25 years imprisonment up to, and including, life imprisonment.