COHEN, J.
Appellant, Issac Nicholas Ray Fleming, appeals the denial of his motion to correct sentencing errors filed pursuant to Florida Rule of Criminal Procedure 3.800.[1] He *399 raises three double jeopardy violations and contests the improper stacking of mandatory minimum sentences.[2] We affirm in part, reverse in part, and remand with instructions.
Fleming and a co-conspirator entered a home, sexually assaulted a female occupant, battered her husband, and stole property.[3] Both Fleming and his co-defendant were armed during the crime, trading turns brandishing a firearm and a knife. Fleming was charged, found guilty, and sentenced to two counts of home-invasion robbery with a firearm; burglary of a dwelling with an assault or battery with a firearm; sexual battery with a deadly weapon, a firearm; kidnapping with intent to inflict bodily harm or terrorize with a firearm; two counts of aggravated assault with the intent to commit a felony; two counts of aggravated assault with a deadly weapon, a firearm; and battery.
Fleming first argues that double jeopardy precludes the conviction of two counts of home-invasion robbery for entry into one home. A double jeopardy claim based on undisputed facts is reviewed de novo. Pizzo v. State, 945 So.2d 1203, 1206 (Fla.2006). There is no dispute Fleming entered only one residence, and both below and on appeal, the State concedes error. A defendant can be convicted of only one home-invasion under the facts of this case. See Bowers v. State, 679 So.2d 340, 341 (Fla. 1st DCA 1996). Accordingly, we reverse one home-invasion robbery conviction.
Next, Fleming contends that his convictions for both home-invasion robbery and burglary of a dwelling with an assault, arising from the same incident, violate double jeopardy. Again, the State properly concedes error. See generally Mendez v. State, 798 So.2d 749 (Fla. 5th DCA 2001) (stating convictions of home invasion robbery and burglary of dwelling with assault arising from same incident violate double jeopardy).[4] We vacate the burglary of a dwelling with an assault or battery conviction.
Further, Fleming challenges two of the four convictions of aggravated assault. He argues the second set of convictions of aggravated assault against the same two victims violates double jeopardy because it arose from the same criminal episode. We agree.
Fleming was convicted of two counts of aggravated assault with the intent to commit a felony for entering the victim’s bedroom with the intent to rob her and her husband of certain items while threatening them with a gun and knife. Fleming moved his victims to a nearby room, stole another item, then moved them to a third room within the house. He was convicted of two additional counts of aggravated as *400 sault with a firearm for threatening them with a gun as he exited the third room.
“The proper analysis to determine whether offenses arise from the same criminal episode requires consideration of the following factors: 1) whether separate victims are involved; 2) whether the crimes occurred in separate locations; and 3) whether there has been a temporal break between the incidents.” Vasquez v. State, 778 So.2d 1068, 1070 (Fla. 5th DCA 2001) (citations omitted). If multiple convictions of the same charge arise from the same episode, only one may stand. Id.
Here, it is undisputed the same victims were involved in both sets of offenses. The crimes occurred in the same location, the house, albeit in different rooms. See, e.g., State v. Ames, 467 So.2d 994, 995-96 (Fla.1985) (holding defendant’s offenses occurred in same location when he broke into house, robbed woman in one room, and raped her in another). Further, eye-witness and victim accounts elicited at trial suggest the crime was one continuous sequence of events spanning several minutes. The record does not suggest Fleming had a temporal break to “pause, reflect and form a new criminal intent for each offense....” Cabrera v. State, 884 So.2d 482, 484 (Fla. 5th DCA 2004); see Cambell v. State, 37 So.3d 948, 950 (Fla. 5th DCA 2010) (stating the intent inherent in the assault statutes is to “make a threat to do violence.”). Accordingly, the second set of aggravated assault offenses arose from the same criminal episode and violates double jeopardy. We vacate the lesser offenses, the convictions for aggravated assault with the intent to commit a felony. See State v. Barton, 523 So.2d 152, 153 (Fla.1988).
Finally, Fleming contends the trial court erred by imposing consecutive mandatory minimum sentences for his convictions of armed sexual battery (count VII), armed kidnapping (count VIII), and the remaining two counts of aggravated assault (counts XI and XII), because no firearm was discharged during the crime. We agree with the State’s concession of error as it relates to the consecutive mandatory minimum sentences imposed on the armed kidnapping and aggravated assault charges. Because the firearm was not discharged during the course of the criminal episode, consecutive mandatory minimum sentences as to the armed kidnapping and two aggravated assault charges were impermissible. We remand for imposition of concurrent mandatory minimum sentences on those counts. See Swanigan v. State, 57 So.3d 989, 990 (Fla. 5th DCA 2011).
We do not agree with the State’s concession of error that the trial court improperly stacked the sentence for sexual battery with a deadly weapon, a firearm. A trial court has the authority to stack mandatory minimum sentences, even when the offenses arose from the same criminal episode, when the nature of the crimes subjected the defendant to “the imposition of mandatory minimum sentences under two separate and distinct statutes.” McDonald v. State, 564 So.2d 523, 525 (Fla. 1st DCA 1990) (affirming consecutive mandatory minimum terms imposed for cocaine trafficking (under § 893.135(1)) and aggravated assault with a firearm (under § 775.087(2))); see also Downs v. State, 616 So.2d 444, 446 (Fla.1993) (citing McDonald ). In Valentin v. State, 963 So.2d 317, 319 (Fla. 5th DCA 2007), this Court examined the stacking of mandatory minimum terms imposed for a capital and firearm offense in Downs, and explained that such stacking was proper because the statutory bases for the mandatory minimum terms derived from “different statutes ad *401 dressing different evils.”[5]
The rule from McDonald, explained by this Court in Valentin, applies in the instant case. Fleming’s sexual battery while armed offense was subject to a mandatory minimum sentence under two separate and distinct statutes addressing different evils: section 794.0115(2), Florida Statutes (2008) (the “Dangerous Sexual Felony Offender Act”), and section 775.087(2)(a)l.b., (the “10-20-Life” statute).
Section 794.0115(2)(b) provides:
(2) Any person who is convicted of a violation of [a sexual battery under section 794.011(3) ] ... which offense the person committed when he or she was 18 years of age or older, and the person:
[[Image here]]
(b) Used or threatened to use a deadly weapon during the commission of the offense;
[[Image here]]
is a dangerous sexual felony offender, who must be sentenced to a mandatory minimum term of 25 years imprisonment up to, and including, life imprisonment.
Further, subsection (6) reads:
Notwithstanding s. 775.082(3), chapter 958, any other law, or any interpretation or construction thereof, a person subject to sentencing under this section must be sentenced to the mandatory term of imprisonment provided under this section.
Accordingly, section 794.0115(6) requires a qualified defendant to be subject to sentencing under that statute rather than any other statute. Abrams v. State, 971 So.2d 1033, 1035 (Fla. 4th DCA 2008) (“So as to make its intention unmistakable, the legislature also provided that this mandatory sentence trumps all other types of sentencing statutes which might yield a lesser sentence”).
The trial court imposed a twenty-five year mandatory minimum term for armed sexual battery under section 794.0115 rather than section 775.087. Consequently, the trial court did not err when it imposed the mandatory minimum sentence on the sexual battery while armed offense consecutive to the other section 775.087 offenses.
AFFIRMED in part, REVERSED in part, and REMANDED.
ORFINGER, C.J. and GRIFFIN, J., concur.

. After Fleming filed a notice of appeal, he filed a motion to correct sentencing error pending appeal. See Fla. R.Crim. P. 3.800(b)(2). The State conceded error on all but one issue. The trial court scheduled an evidentiary hearing outside the sixty-day time frame within which to render an order, we assume inadvertently. After the sixtieth day, the motion was effectively denied. Fla. *399 R.Crim. P. 3.800(b)(1)(B). Once the error was discovered, the hearing was cancelled.

.We recognize a double jeopardy violation is not a sentencing error contemplated by Florida Rule of Criminal Procedure 3.800(b). See Jackson v. State, 983 So.2d 562, 572-74 (Fla. 2008) (opining sentencing error is error in sentence itself). A double jeopardy violation, however, does not have to be preserved for appeal because it is fundamental error and can be raised for the first time on appeal. See State v. Johnson, 483 So.2d 420, 422 (Fla.1986).

. Although not relevant to the issues raised by Fleming, the underlying motive for the crimes committed suggests a jealous lover conspired to exact revenge upon the sexual assault victim and her husband. The facts of the case are egregious; the victim was sexually assaulted by both Fleming and his co-defendant while the victim’s husband was forced to watch.

. Both offenses are life felonies.

. In Valentin, this Court clarified that the rule from McDonald and Downs does not apply when the primary evil addressed by the separate, applicable statutes involves the use of a firearm. 963 So.2d at 319. Nevertheless, statutes may still be considered separate and distinct even when use of a firearm is a common element to both statutes. See Mosely v. State, 679 So.2d 287, 290 (Fla. 1st DCA 1996) (affirming consecutive mandatory minimum terms imposed for possession of a short-barreled shotgun (under § 790.221) and other offenses imposed for use of a firearm during the commission of those felonies (under § 775.087(2))). The key is determining whether the different statutes address different evils.
Still, in this case, section 794.0115(2), Florida Statutes (2008), would have applied even if Fleming did not use a firearm. By forcing the husband to watch Fleming sexually assault the victim, Fleming "[vjictimized more than one person during the course of the criminal episode applicable to the offense[.]” § 794.0115(2)(c). See Wright v. State, 65 So.3d 1092 (Fla. 3d DCA 2011).