PER CURIAM.
The appellant appeals the denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm the denial of all but one of the appellant’s claims. For the reasons discussed below, we reverse and remand the denial of ground two for further proceedings.
The appellant was convicted of first-degree murder (count one), attempted armed robbery (count two) and armed robbery (count three). He was sentenced to life imprisonment for the murder (count one), with a 25-year minimum mandatory. For the attempted robbery (count two) he was sentenced to 15 years’ imprisonment with a 3-year minimum mandatory imposed pursuant to section 775.087(2), Florida Statutes (1990), for possessing a firearm during the commission of the felony. For the armed robbery (count three) he was sentenced to life imprisonment with a 3-year minimum mandatory pursuant to section 775.087(2). All the sentences were imposed consecutively to each other, with the exception of the minimum mandatory sentences for counts two and three, which were imposed concurrently with each other, but consecutively to the 25-year minimum mandatory imposed for count one. In response to this motion, the trial court restructured the minimum mandatory portions of appellant’s sentences so the 25 and 3-year minimum mandatories for counts one and two are concurrent to each other, but consecutive to the 3-year minimum mandatory imposed for count three. Thus, the minimum mandatory for count three is now running consecutively to the minimum mandatories imposed for counts one and two. The appellant asserts on appeal that the trial court erred by not imposing the minimum mandatory for count three concurrently to the minimum mandatory for count two because both crimes occurred during a single criminal episode.
The imposition of consecutive minimum mandatory sentences under section 775.087(2) is improper where the offenses occurred during a single criminal episode, unless the defendant discharged the firearm and injured multiple victims or caused multiple injuries to one victim. See Valentin v. State, 963 So.2d 317, 320 (Fla. 5th DCA 2007). Here, the appellant alleges that his consecutive minimum mandatory sentences for counts two and three are improper because he only fired the weapon once, therefore causing only one injury to one victim. Further, the trial court conceded in its order that the crimes occurred during a single criminal episode. Thus, we reverse and remand for the trial court to attach portions of the record indicating the appellant discharged the firearm and injured multiple victims or caused multiple injuries to one victim, or to resentence the appellant to concurrent minimum mandatory sentences for all counts. If the trial *137 court resentences the appellant, his presence is not required as he will still be serving a non-parole-eligible life sentence for robbery. See Valentin, 968 So.2d at 320-21 (defendant not entitled to be present at resentencing where minimum mandatory sentences would be imposed concurrently instead of consecutively, where term of incarceration he must serve is not affected).
AFFIRMED in part, REVERSED and REMANDED in part for further proceedings consistent with this opinion.
WOLF, VAN NORTWICK, and LEWIS, JJ., concur.