# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-2191
LT Case No. 2021-CF-1698-A

_____

JEFFREY BARTLETT
HARRINGTON,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for St. Johns County.
R. Lee Smith, Judge.

Michael C. Nappi, Chief Assistant Regional Counsel, Office of the
Criminal Conflict and Civil Regional Counsel, 5th District,
Casselberry, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Roberts J.
Bradford, Jr., Assistant Attorney General, Daytona Beach, for
Appellee.

December 19, 2025

EDWARDS, J.

Counsel for Appellant, Jeffrey Bartlett Harrington, filed an *Anders*[1] brief regarding Appellant's judgment and sentence. After careful review, we affirm in all respects, except that we are compelled to reverse in part and remand to address a technical, jurisdictional matter.

Prior to Appellant being sentenced below, the State filed an amended information which included eleven counts rather than the twelve counts contained in the original information. Appellant's plea was accepted by the trial court, and he was sentenced as agreed, with one exception—by mistake, a sentence of time served was imposed on Count 12, which was the count that had been eliminated in the amended information. Although Appellant did not reserve the right to appeal any issues, he nevertheless timely commenced this appeal on August 8, 2024.

As part of this Court's *Anders* review, the Count 12 sentencing mistake was noted, and Appellant's counsel was ordered to show cause why a motion to correct that sentencing error should not be filed. In April 2025, in response to this Court's order and pursuant to Florida Rule of Criminal Procedure 3.800(b), Appellant's counsel moved for entry of an amended judgment and sentence that would not contain any mention of, or sentence for, Count 12, as it had been eliminated in the amended information. The State's initial response agreed with Appellant's motion and the relief sought. However, the State subsequently amended its response to advise the trial court that a Second Corrected Judgment and Sentence, entered December 5, 2024, had already removed the sentence for Count 12.[2] The trial court then denied Appellant's Rule 3.800(b) motion as moot because it considered that the sentencing error had been corrected in the Second Corrected Judgment and Sentence.

---

[1] *Anders v. California,* 386 U.S. 738 (1967).

[2] The record on appeal provided to this Court did not contain the December 5, 2024 Second Corrected Judgment and Sentence, nor was it disclosed to this Court in response to the order to show cause.

Although that December 5, 2024 Second Corrected Judgment and Sentence was an attempt to correct the Count 12 sentencing error, it was entered after Appellant had commenced his appeal and was not entered in connection with a Rule 3.800(b) motion.[3] "While we appreciate the trial court's diligence, it nevertheless lacked jurisdiction to enter its order correcting sentencing documents while Appellant's direct appeal was pending." *Acevedo v. State*, 279 So. 3d 1273, 1274 (Fla. 5th DCA 2019) (citing *Whitfield v. State*, 178 So. 3d 972, 972 (Fla. 5th DCA 2015)). Thus, in our case, the trial court lacked jurisdiction to enter the Second Corrected Judgment and Sentence, which we now vacate.

Florida Rule of Criminal Procedure 3.800(b)(2) and Florida Rule of Appellate Procedure 9.140(e) permit and set forth the specific procedures to be followed in correcting a sentencing error while a case is on appeal. Thus, Appellant's April 2025 Rule 3.800(b) motion was the proper vehicle to have been employed to correct the acknowledged Count 12 sentencing error, which all agreed needed to be done. Because the Second Corrected Judgment and Sentence was entered without jurisdiction, Appellant's April 2025 motion was not moot. Therefore, it was error for the trial court to have denied the motion.

Accordingly, we: (1) affirm the judgment and sentence previously entered with the exception of the sentence on Count 12; (2) vacate the December 5, 2024 Second Corrected Judgment and Sentence; (3) reverse denial of the Rule 3.800(b) motion; and (4) remand with instructions for the trial court to grant Appellant's Rule 3.800(b) motion and enter an amended or corrected judgment and sentence that deletes the imposition of any sentence for, and any mention of, Count 12. Appellant does not need to be present for this ministerial resentencing.[4]

---

[3] There is no indication in the record as to the catalyst for the trial court's entry of the Second Corrected Judgment and Sentence.

[4] *Valentin v. State*, 963 So. 2d 317, 320 (Fla. 5th DCA 2007).

AFFIRMED, in part; REVERSED, in part and REMANDED, with instructions.

SOUD and KILBANE, JJ., concur.

––––––––––––––––––––––

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

––––––––––––––––––––––

4